FOWLER *v.* WILKINSON, WARDEN.

No. 620.   Argued April 30, 1957.—Decided June 3, 1957.

*Leon S. Epstein* argued the cause for petitioner.   With him on the brief was *R. Monroe Schwartz.*

*Ralph S. Spritzer* argued the cause for respondent. With him on the brief were *Solicitor General Rankin, Assistant Attorney General Olney, Beatrice Rosenberg* and *James W. Booth.*

MR. JUSTICE CLARK delivered the opinion of the Court.

The factual background and the question presented in this case are the same as in *Jackson* v. *Taylor, ante,* p. 569, decided today.   The case reaches us from the Court of Appeals for the Fifth Circuit, 234 F. 2d 615, which had reversed the District Court.   We granted certiorari, 352 U. S. 940.

There are additional reasons to those in *Jackson* v. *Taylor* advanced for reversal in this case. Fowler contends that the 20-year sentence is arbitrarily severe, even though within the statutory maximum, citing *United States* v. *Voorhees,* 4 U. S. C. M. A. 509, 16 C. M. R. 83 (1954). But as we said in *Burns* v. *Wilson,* 346 U. S. 137 (1953), this Court exerts "no supervisory power over the courts which enforce [military law]; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress." *Id.,* at 140. If there is injustice in the sentence imposed it is for the Executive to correct, for since the board of review has authority to act, we have no jurisdiction to interfere with the exercise of its discretion. That power is placed by the Congress in the hands of those entrusted with the administration of military justice, or if clemency is in order, the Executive. It may be that the board's judgment was harsh or that the military's highest court should have intervened as it did in the *Voorhees* case, but we have no jurisdiction in that regard. As long ago as 1902 this Court recognized that it was a "salutary rule that the sentences of courts martial, when affirmed by the military tribunal of last resort, cannot be revised by the civil courts save only when void because of an absolute want of power, and not merely voidable because of the defective exercise of power possessed." *Carter* v. *McClaughry,* 183 U. S. 365, 401.

We note that petitioner's reliance on Voorhees' case is misplaced when he cites it as apposite to the problem here presented. While the Court of Military Appeals held there that the board should have ordered a rehearing, the rehearing was to include a reconsideration of the finding

of guilt as well as the sentence. Though, as Judge Latimer indicates in his opinion, the board of review had the power to approve the sentence, dismissal from the service, such approval was found by that court to be an abuse of the discretion placed in the board under the particular circumstances of the case. We, of course, do not sit to pass on the exercise of discretion by the military authorities. Judge Latimer further indicated the Court of Military Appeals' recognition of the power of the board of review to affirm such parts, or amount of a sentence, as it finds correct in fact and law. The case, then, instead of supporting petitioner's position, indicates authority for the power of the board to modify the sentence. See *United States* v. *Bigger*, 2 U. S. C. M. A. 297, 8 C. M. R. 97 (1953).

The argument that the adjustment of the sentence by the board deprives the petitioner of two appeals likewise is without merit. He contends that if the resentencing were done by a court-martial he would have a review of that resentencing by the convening authority as well as the board of review. But Congress did not intend any such result. The accused has already had his day before the court-martial and the convening authority. It is not for us to say that the procedure established by Congress is unwise. There are no constitutional questions before us. We have determined that the board of review had jurisdiction to modify the sentence. Our inquiry cannot be extended beyond that question.

For these reasons, and those stated in *Jackson* v. *Taylor, ante,* p. 569, the judgment is

*Affirmed.*

THE CHIEF JUSTICE, MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, and MR. JUSTICE BRENNAN dissent for the reasons stated in the dissenting opinion of MR. JUSTICE BRENNAN in No. 619, *Jackson* v. *Taylor, ante,* p. 581.