Bennie WILLIAMS, Appellant,

v.

David M. HERITAGE, Warden, U. S. Penitentiary, Atlanta, Georgia, Appellee.

No. 20328.

United States Court of Appeals
Fifth Circuit.

Oct. 18, 1963.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., Robert D. Feagin, III, Asst. U. S. Atty., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and DeVANE, District Judge.

CAMERON, Circuit Judge.

This is an appeal from a dismissal of a petition for habeas corpus. The court below denied relief upon its finding of lack of jurisdiction to inquire into the conviction and sentencing of appellant by a General Court-Martial, and that appellant had failed to exhaust remedies available under the Uniform Code of Military Justice.

Appellant was convicted on October 18, 1960 by a General Court-Martial of the crime of murder and was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined to hard labor for life. Uniform Code of Military Justice, Art. 118, 10 U.S.C.A. § 918. The conviction was affirmed by the Board of Review, U.C.M.J. Art. 66, 10 U.S.C.A. § 866, but so much of the sentence that exceeded dishonorable discharge, forfeiture of pay and allowances, and confinement at hard labor for thirty years was remitted.

In November, 1962, appellant petitioned the District Court below, claiming that he was being held illegally because he had been incompetent to stand trial for the offense charged. He alleged that each of the three Army psychiatrists who examined him reached the conclusion that he was not competent, but that the court-martial "overrode" their findings and thus exceeded its "jurisdiction."

The government does not deny that the three doctors advanced the opinion that appellant was incompetent, but argues that the question was one for the court-martial and that the civil courts

have no power to review its findings and verdict. It is urged also, as found by the court below, that appellant has not exhausted military remedies available under Articles 67 and 73 of the Uniform Code of Military Justice.[1]

We do not dispose of this appeal upon the claimed failure to exhaust military remedies. The relief available under Article 67 must be sought within "30 days from the time * * * of the decision of a board of review," and that available under Article 73 "within one year after approval by the convening authority of a court-martial sentence * * *." Inasmuch as these remedies are no longer available to appellant, it appears that the recently decided case of Fay v. Noia, 1963, 372 U.S. 391, 434–435, 83 S.Ct. 822, 9 L.Ed.2d 837, governs in principle and that prior failure to seek military review is no longer necessarily a bar to habeas corpus relief otherwise available.

With respect to the District Court's dismissal for lack of power to inquire into the military proceedings, the latest word from the Supreme Court[2] sustains the decision of the trial court, and even the prior short-lived more liberal view[3] would not allow a contrary result.

In Fowler, the court re-emphasized the principle that civil courts have very limited jurisdiction with respect to inquiries into the results of military justice:

"As long ago as 1902 this Court recognized that it was a 'salutary rule that the sentences of courts martial, when affirmed by the military tribunal of last resort, cannot be revised by the civil courts save only when void because of an ab-

solute want of power, and not merely voidable because of the defective exercise of power possessed.' Carter v. McClaughry, 183 U.S. 365, 401, [22 S.Ct. 181, 46 L.Ed. 236]."

The only inquiry which a civil court may make in a habeas corpus proceeding is whether the court-martial had jurisdiction over the person and over the subject matter of the offense. It is obvious that such jurisdiction was present in this case. The now restricted Burns intimation that the civilian courts have the power to test whether the military court "dealt fully and fairly with an allegation raised * * *." Burns, supra, at page 142 of 346 U.S., at page 1049 of 73 S.Ct., 97 L.Ed. 1508, would give no comfort here, for there is no showing or allegation whatever that the court-martial did not do so. Appellant claims only that the court-martial is bound by the opinions of the psychiatrists. That, we hold, is not the law. Failure to follow the advice of the experts is neither *per se* a denial of constitutional rights nor even error which may be corrected upon direct review, in either a military or civil case.

It must be remembered that "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." Burns, supra, at 139 of 346 U.S., at 1047 of 73 S.Ct., 97 L.Ed. 1508. We cannot broaden it here. We are bound by what the Supreme Court has decided, not on what we may think is the trend of its decisions away from what it has actually decided.

Affirmed.

WISDOM, Circuit Judge.

I concur in the result.

1. 10 U.S.C.A. § 867, Art. 67, Review by The Court of Military Appeals; 10 U.S.C.A. § 873, Art. 73, Petition for a new trial.

2. Fowler v. Wilkinson, 1957, 353 U.S. 583, 77 S.Ct. 1035, 1 L.Ed.2d 1054. Cf. Jackson v. Taylor, Acting Warden, 1957, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045.

3. Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. But see, In re Yamashita, 1946, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499, and Hiatt v. Brown, 1950, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691.