**Hans W. PUHL, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 9154.**

United States Court of Appeals
Tenth Circuit.
April 28, 1967.

Larry F. Hobbs, Denver, Colo., for appellant.

Richard F. Locke, Office of The Judge Advocate General, Washington, D. C. (Newell A. George, U. S. Atty., Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., Lt. Col. Abraham Nemrow, Lt. Col. James R. Robinson, Office of The Judge Advocate General, Washington, D. C. on the brief) for appellee.

Before BREITENSTEIN, SETH, and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant, who claims to be a German National, enlisted in the United States Army during his residence in the United States. He had emigrated to this country with his mother, the wife of a serviceman. At the time of enlistment appellant filed a declaration of intention to become a citizen of the United States. At the termination of his first enlistment, he was on duty in Germany where he re-enlisted for a six year term. Within a year after his re-enlistment, he was charged with lewd and lascivious conduct with German children.

The American Military Command gave the notice required by the NATO Alliance to German authorities who waived primary jurisdiction by failing to respond.

Defense counsel was appointed for appellant and a court-martial convened to try the charges. Appellant entered a plea of guilty and was convicted thereon. After sentence, appellant was returned to the United States where he is in custody at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

An application for a writ of habeas corpus was filed in the United States Court for the District of Kansas alleging that his detention is unlawful because the court-martial did not have jurisdiction to try, convict or sentence a German National for an offense against the peace and dignity of the German sovereign involving other German Nationals. The trial court denied the application and this appeal followed.

The issue presented is well defined and agreed upon by the litigants. The parties also agree inquiry on habeas corpus by the civil courts of a court-martial conviction is limited to the question: Did the court-martial have jurisdiction over the person and the offense? Fowler v. Wilkinson, 353 U.S. 583, 584, 77 S.Ct. 1035, 1 L.Ed.2d 1054 (1957); Hiatt v. Brown, 339 U.S. 103, 110–111, 70 S.Ct. 495, 94 L.Ed. 691 (1950); Humphrey v. Smith, 336 U.S. 695, 696, 700, 69 S.Ct. 830, 93 L.Ed. 986 (1949); Palomera v. Taylor, 344 F.2d 937 (10 Cir. 1965); Thomas v. Davis, 249 F.2d 232 (10 Cir. 1957).

" * * * [N]othing in the history or constitutional treatment of military tribunals * * * entitled them to rank

along with Article III courts as adjudicators of the guilt or innocence of people charged with offenses for which they can be deprived of their life, liberty or property. Unlike [Article III] courts, it is the primary business of armies and navies to fight or be ready to fight wars should the occasion arise. But trial of soldiers to maintain discipline is merely incidental to an army's primary fighting function." United States ex rel. Toth v. Quarles, 350 U.S. 11, 17, 76 S.Ct. 1, 5, 100 L.Ed. 8 (1955).

Thus, "Article I, § 8, cl. 14, empowers Congress 'To make Rules for the Government and Regulation of the land and naval Forces.' * * * The term 'land and naval Forces' refers to persons who are members of the armed services * * *.", Reid v. Covert, 354 U.S. 1, 19, 77 S.Ct. 1222, 1231, 1 L.Ed.2d 1148 (1957), and status, not citizenship, determines military jurisdiction. "The test for jurisdiction * * * is one of *status,* namely, whether the accused in the court-martial proceeding is a person who can be regarded as falling within the term 'land and naval Forces'." Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 240–241, 80 S.Ct. 297, 300, 4 L.Ed.2d 268 (1960).

The Supreme Court in discussing the extra-territorial affect of domestic legislation has said: "'* * * that the legislation of Congress will not extend beyond the boundaries of the United States unless a contrary legislative intent appears." Steele v. Bulova Watch Co., 344 U.S. 280, 285, 73 S.Ct. 252, 255, 97 L.Ed. 252 (1952). Congress has clearly shown this intent in Article 5 of the Uniform Code of Military Justice: "This chapter applies in all places." 10 U.S.C. § 805.

Appellant, as an enlisted member of the Regular Army occupied the requisite status necessary to confer military jurisdiction. Therefore, when Germany elected not to exercise its primary right, guaranteed by the NATO agreement, to prosecute appellant under its civil laws, military jurisdiction vested.

Affirmed.