**Edward HEILMAN, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 16628.**

United States Court of Appeals
Seventh Circuit.

Feb. 10, 1969.

---

Jonathan T. Howe, Chicago, Ill., for appellant.

Capt. Richard F. Locke, Litigation Division, Office of the Judge Advocate General, Department of Army, Washington, D. C., K. Edwin Applegate, U. S. Atty., Indianapolis, Ind., David L. Casterline, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., Arnold I. Melnick, Lieutenant Colonel, JAGC, Office of The Judge Advocate General, Department of the Army, Washington, D. C., for appellee.

Before CASTLE, Chief Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This is an appeal from the denial of a petition for writ of habeas corpus without an evidentiary hearing. In 1959 in Goeppinger, Germany, petitioner was convicted by a general court-martial of the larceny of a pistol, the premeditated murder of Charles R. Ehrstein, and attempted premeditated murder of James L. Hahn, both Army privates. In November 1960, the Board of Review in the Office of the Judge Advocate General of the Army reduced the last two convictions to unpremeditated murder and attempted unpremeditated murder, affirmed petitioner's conviction for larceny and reduced the death sentence to 50 years at hard labor. The United States Court of Military Appeals granted review limited to the question whether it was proper to receive testimony of a psychiatrist that petitioner was sane and affirmed the decision of the Board of Review on this ground. 12 USCMA 648, 31 CMR 234 (1962). Petitioner's sentence was later reduced to 39 years on a clemency appeal to the Secretary of the Army, and he is presently incarcerated in the United States Penitentiary in Terre Haute, Indiana.

One ground for the petition for habeas corpus was that petitioner was not fully advised as to the nature of the charges against him when an incriminating statement was taken from him during his interrogation on the date of the shootings. The petition also claimed that it was improper to receive the statement in evidence because petitioner had not been advised of his right to counsel before confessing. We conclude that the district court properly denied the petition.

*Petitioner Was Properly Informed of the Charges Against Him*

Article 31(b) of the Uniform Code of Military Justice provides (10 U.S.C. § 831(b)):

> "No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial."

During petitioner's court-martial, Specialist 6th Class Jack L. Wykle, a criminal investigator for the United States Army, testified that before interrogating petitioner at the military police station he read petitioner "Article 31 word for word. * * * I told him at that time 'You are suspected of murder,' that the man [Ehrstein] Sergeant Baker brought out of the room was dead, the other man [Hahn] was in the Dispensary, wounded, and I didn't know what condition he was in at the present time." Sergeant Baker, who was also present at the time petitioner gave his incriminating statement, corroborated this by testifying that Wykle told petitioner "he was suspected of murder and attempted murder." After lengthy objections by petitioner's defense counsel, the law officer ruled that the statement was admissible. The Board of Review also ruled that Wykle had sufficiently informed petitioner of the nature of the accusation.

■ Although he assigned this point as error in the Court of Military Appeals, review of that assignment of error was declined, no "good cause" being shown (10 U.S.C. § 867(b) (3)). As the Board of Review quite properly said, this alleged error does not really require much comment. The statement itself showed that it was "being taken in connection with the investigation of murder." The Court of Military Appeals has, from a time well prior to petitioner's interrogation, jealously guarded the right of an accused to be informed of the nature of the offenses with which he is charged, holding inadmissible statements obtained in the absence of such warnings. See United States v. Davis, 8 USCMA 196, 24 CMR 6 (1957). But the requirement is a practical one, intended to apprise the accused of the transaction under investigation and the seriousness of his involvement therein. The warning need not be technically precise so long as this prophylactic function is performed. United States v. Grosso, 7 USCMA 566, 23 CMR 30 (1957). And a doubt as to the death of a victim should not vitiate a general warning in a homicide case (cf. United States v. Nitschke, 12 USCMA 489, 31 CMR 75 (1961)), absent any showing of prejudice to the accused. United States v. Dickerson, 6 USCMA 438, 20 CMR 154 (1955). Assuming that the omission complained of rises to the level of a deprivation of constitutional rights reviewable by way of collateral attack in the civilian courts (see Burns v. Wilson, 346 U.S. 137, 140, 73 S.Ct. 1045, 97 L.Ed. 1508; Fowler v. Wilkinson, 353 U.S. 583, 584, 77 S.Ct. 1035, 1 L.Ed.2d 1054; cf. United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537), we find no error here. We agree with the Board of Review that Wykle's advice to petitioner that Ehrstein was dead and Hahn in serious condition and that petitioner was suspected of murder gave him sufficient

information as to the "nature of the accusation" within the meaning of Article 31(b).

*Failure to Advise Petitioner of Right to Counsel*

■ At the time of his 1959 interrogation by Wykle, petitioner did not request counsel. He contends that the utilization of his confession violated the Fifth Amendment (and, presumably, the Sixth Amendment) since he was not advised of his right to counsel at that time.[1] The Court of Military Appeals declined to review this contention. Petitioner's principal reliance is on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977.[2] However, those cases were handed down after petitioner's court-martial and have only a prospective application. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; United States v. Tempia, 16 USCMA 629, 635 (1967). The *Miranda* case was actually a consolidation of four cases, one of which, Westover v. United States, was a federal prosecution for bank robbery. It seems likely that the Supreme Court's decision in *Johnson* to apply the detailed holding of *Miranda* prospectively encompassed federal prosecutions as well. This has been the uniform interpretation of the federal courts following *Johnson*. See, e. g., United States v. Thompson, 366 F.2d 167 (6th Cir. 1966), certiorari denied, 385 U.S. 973, 87 S.Ct. 512, 17 L.Ed.2d 436. We are not persuaded that we should depart from our similar holding in United States v. Smith, 379 F.2d 628 (7th Cir. 1967), certiorari denied, 389

U.S. 993, 88 S.Ct. 491, 19 L.Ed.2d 486, merely because this is a military rather than a state court proceeding.[3]

*Procedure as to Admissibility of Confessions*

■ Here the law officer ruled that petitioner's confession was admissible. Under paragraph 140 of the Manual for Courts-Martial (1951), his ruling was not conclusive of the voluntary nature of the confession. The court members must then independently evaluate the voluntariness of the confession. At the time the law officer passed on the admissibility of the confession, he advised the court that it had to pass on the voluntariness of the confession under Article 31 of the Uniform Code of Military Justice. The pertinent paragraph of that Article provides (10 U.S.C. § 831 (d)):

"No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial."

Necessarily then, by determining that the confession was admissible, the law officer found that it was not the product of "coercion, unlawful influence, or unlawful inducement." That this is the meaning to be attached to the finding of admissibility at the time of petitioner's trial is made clear by United States v. Jones, 7 USCMA 623, 23 CMR 87 (1957). There the court noted:

"[W]e [recognize] that the test of initial admissibility is whether or not the confession is freely made without compulsion or unlawful inducement.

---

1. In accordance with Article 32 of the Uniform Code of Military Justice (10 U.S.C. § 832), petitioner was represented by an appointed military lawyer during the formal pretrial investigation of the court-martial charges. For a recent explanation of the rights of a military defendant, see Bellen, "The Revolution in Military Law," 54 A.B.A.J. 1194 (1968).

2. The military tribunals have followed the *Escobedo* rule since 1957. See Miranda v.

Arizona, 384 U.S. 436, 489 and note 63, 86 S.Ct. 1602, 16 L.Ed.2d 694, 70 A.L.R. 3d 974.

3. In an effort to show that *Miranda* should be applied retroactively, petitioner's counsel has cited Christensen, "Pretrial Right to Counsel," Military L.Rev. 1, 18–20 (Jan.1964), but this article is pre-*Miranda* and does not contend that the rule adopted later in that case should be retroactive.

The initial admissibility question is not one to be determined by the court members or the jury but is the duty of the law officer or the judge alone." (7 USCMA at p. 627.)

The court then cited cases from this Circuit and quoted from Patterson v. United States, 183 F.2d 687 (5th Cir. 1950), for the proposition that the jury could reject the evidence if it disagreed with the court's original determination that it was voluntarily made. Cases from the Fifth Circuit as well as from this Circuit have been cited by the Supreme Court for the proposition that they follow the bifurcated Massachusetts rule approved in Jackson v. Denno, 378 U.S. 368, 400, 84 S.Ct. 1774, 12 L.Ed.2d 908.

In the instant case an extensive hearing on the voluntariness of the statement was held by the law officer, and he was not required to instruct the court members that he had found the confession voluntary before submitting it to them for their independent determination that it was in fact so. We are satisfied on this record that he did make the requisite findings, and there was no error in admitting the confession.

*Appointment of Counsel*

■ Finally, petitioner asserts that the district court erred in declining his request for the appointment of counsel. For reasons already expressed, there was no error and therefore no need for the district court to hold an evidentiary hearing (cf. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770), so that the failure to appoint counsel was well within its discretion. LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967).

Jonathan T. Howe of the Illinois Bar served admirably in this Court as petitioner's appointed counsel and merits our commendation.

The decision of the district court is affirmed.