Isiah RELFORD, Petitioner-Appellant,

v.

COMMANDANT, U. S. DISCIPLINARY BARRACKS, FT. LEAVENWORTH, KANSAS, Respondent-Appellee.

No. 40–68.

United States Court of Appeals
Tenth Circuit.

April 23, 1969.

Judson W. Detrick, Denver, Colo., for appellant.

Richard F. Locke, Captain, JAGC, and Kenneth C. Crockett, Asst. U. S. Atty. (Benjamin E. Franklin, U. S. Atty., and Arnold I. Melnick, Lieutenant Colonel, JAGC, were with them on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from the denial of a military prisoner's petition for habeas corpus.

Petitioner, while on active duty in the United States Army, was charged with the kidnapping and rape of a woman in September, 1961, and with similar offenses against another woman in October, 1961. On December 21, 1961, a general court-martial found him guilty of all charges and sentenced him to death. The Board of Review upheld the findings of guilt and reduced the sentence to 30 years. That decision was affirmed by the United States Court of Military Appeals. In response to a show-cause order, the government filed in the district court the voluminous record made before the military tribunals. The district court reviewed that record, made appropriate findings, and denied the habeas petition without a hearing.

The first claim is that in the court-martial proceedings the petitioner did not have the effective assistance of

competent counsel. This issue was fully presented to the Board of Review and the Court of Military Appeals and was carefully and fairly considered by those tribunals. They rejected the argument on the grounds that the objections went to trial tactics which must be considered in the light of the overwhelming evidence of guilt and counsel's desire to mitigate the penalty. Our review of the record convinces us that the court-martial was a disciplined contest and not a mockery or a spectacle. See United States v. Augenblick, 393 U.S. 348, 356, 89 S.Ct. 528, 21 L.Ed.2d 537, and Kienlen v. United States, 10 Cir., 379 F.2d 20, 24. We agree with the trial court that the military judicial system gave full and fair consideration to the constitutional question, and that its decision must stand. See Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508, and Kennedy v. Commandant, United States Disciplinary Barracks, 10 Cir., 377 F.2d 339, 342.

█ The remaining points raised by resourceful appellate counsel were not presented to the district court and are not properly before us for review. Johnson v. Patterson, 10 Cir., 367 F.2d 268. In the circumstances of the case and to avoid a repetitive habeas application, we have given consideration to them.

█ About twelve hours after his arrest, the petitioner confessed to the military authorities. He had been repeatedly warned of his constitutional rights but the record does not show a waiver of counsel. The argument is that the extra judicial confession was improperly received in evidence in violation of the rules stated in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Johnson v. New Jersey, 384 U.S. 719, 734, 86 S.Ct. 1772, 1781, 16 L.Ed.2d 882, the Supreme Court held that the Escobedo decision "is available only to persons whose trials began after June 22, 1964," and that the guidelines in Miranda are "available only to persons whose trials had not begun as of June 13, 1966." Here the entire military proceedings were completed before either the Escobedo or Miranda decisions.

█ The petitioner complains that he was subjected to a line-up at which he was identified by the victims of his crimes in violation of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Stovall v. Denno, 388 U.S. 293, 300, 87 S.Ct. 1967, 18 L.Ed.2d 1199, says that these decisions operate prospectively. The line-up was fairly conducted and adequately protected the petitioner's due process rights.

█ The procedure followed for the admission and consideration of the confession is said to violate the rules laid down in Jackson v. Denno, 378 U.S. 368, 394, 84 S.Ct. 1774, 12 L.Ed.2d 908. There the Supreme Court said that the voluntariness of a confession must be determined by a body other than the one trying the question of guilt or innocence. At the court-martial the law officer gave the defendant an opportunity, out of the hearing of the members of the board, to present evidence as to voluntariness. The defense put on no evidence and only pointed out the lapse of twelve hours from the arrest to the confession. The law officer then told the court-martial that his ruling was "final only on the question of admissibility" and "does not conclusively establish" voluntariness. This satisfied paragraph 140 of the Manual for Courts-Martial (1951) and the requirements of Jackson v. Denno if that decision is to given retroactive effect. Heilman v. United States, 7 Cir., 406 F.2d 1011.

█ Finally, counsel for petitioner argues that the cumulative effect of all the claimed errors denied the petitioner a fair trial consonant with the requirements of due process. We are not persuaded. Consideration of the points one by one or in their totality, produces the same result. The petitioner had a fair trial.

Affirmed.