**Kenneth H. SCHLOMANN, Petitioner,**

v.

**R. I. MOSELEY, Warden, U. S. Penitentiary, Leavenworth, Kansas, Respondent.**

**Civ. No. L–1283.**

United States District Court,
D. Kansas.

June 26, 1970.

———◆———

No appearance for petitioner.

Robert J. Roth, U. S. Atty., Richard Oxandale, Asst. U. S. Atty., Wichita, Kan., for respondent.

### ORDER

WESLEY E. BROWN, Chief Judge.

Schlomann has lodged with the Clerk of this Court a petition for a writ of habeas corpus. After an examination of the papers so filed and Schlomann's previous petitions for writs of habeas corpus, namely in Civil Action No. L–91 and Civil Action No. L–1003, the Court makes the following findings and Order:

The records of this Court disclose that Schlomann is in the custody of the respondent by virtue of a sentence of life imprisonment imposed upon him by a general court martial, January 28, 1964, upon his conviction of unpremeditated murder, felonious murder (two specifications), assault with a dangerous weapon, and attempted robbery. He has exhausted all available remedies in the military system.

All of the offenses for which Schlomann was tried and convicted were committed off-post against civilians in the State of Alaska. He relies upon the decision of the United States Supreme Court in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), to secure his release.

Chief Judge Stanley of this Court held a hearing with respect to the issues

raised by Schlomann on January 30, 1970. Thereafter, on May 19, 1970 Judge Stanley entered his Memorandum and Order denying the relief Schlomann sought, discharging the writ of habeas corpus and dismissed the action.

Schlomann raises the same questions before us that he raised before Judge Stanley, namely, *O'Callahan* must be given retroactive effect, thereby compelling his release.

We would point out that 28 U.S.C. § 2244 provides,

> "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new grounds not heretofore presented and determined, and the judge of court is satisfied that the ends of justice will not be served by such inquiry."

■ Our research does not disclose that Schlomann has presented any new legal or factual grounds which have not heretofore been presented to the Chief Judge of this District. We do note that the Supreme Court has granted review in the case of Relford v. Commandant, U. S. Disciplinary Barracks. The review is a ruling of the United States Court of Appeals for this Circuit, 409 F.2d 824, and does raise as one of the questions presented whether the case of O'Callahan v. Parker, *supra,* bar a court-martial from trying a soldier charged with committing crimes against civilians on a military base, and, if so, should *O'Callahan* be applied retroactively? Schlomann's remedy is not to file a multiplicity of petitions for writs of habeas corpus, but if he is dissatisfied with the determinations made by this Court, his remedy is in the United States Court of Appeals for the Tenth Circuit.

■ We adhere to the views expressed in Judge Stanley's opinion and this would ordinarily dispose of the petition now pending before us. We feel so strongly, however, that *O'Callahan* should not be applied retroactively but indeed should be overruled by the present Court for the reasons set forth in the dissenting opinions of Harlan, Stewart and White,[1] that if O'Callahan is to remain the law we would add a word in opposition to its retroactive application. The retroactive application of current legal pronouncements other than by timely appellate review, in our opinion, destroys the effectiveness of duly constituted courts, by setting aside the judgments of such courts, by making due process a process of man-made philosophies, and by creating a disrespect for law as applied by courts to recidivists.

We conclude that Schlomann's remedy, if any, lies by way of appeal and not by further proceedings in this Court.

Schlomann has filed an affidavit for leave to proceed in forma pauperis under 28 U.S.C. § 1915. .

It is ordered that leave to proceed in forma pauperis is granted and the petition filed; that the action be dismissed, and all relief be denied; that the Clerk enter judgment accordingly; and that copies of this Order be transmitted to Schlomann, to the Office of the United States Attorney and that a copy thereof be placed in the Court's file No. L–1003.

---

1. Ronald L. Wilkinson in Vol. 9, No. 2 of the Washburn Law Journal writing in an article entitled "The Narrowing Scope of Court-Martial Jurisdiction: O'Callahan v. Parker", has reviewed the *O'Callahan* decision, and has made some pertinent comments with respect to its effect, both as a handicap to the military authorities in the maintenance of order and discipline and the problems of the civilian community in policing and enforcing the laws. His conclusion bears repeating:

> "Rather than construing the constitutional power of Congress to Authorize trial by Court-Martial, the Court preempted a Congressional function."

He cites *O'Callahan* for this conclusion.