IN THE CASE OF


UNITED STATES, Appellee

v.

James A. SILLS, Colonel
U.S. Air Force, Appellant

No. 02-0048

Crim. App. No. 34323

United States Court of Appeals for the Armed Forces

Decided January 15, 2002


Counsel

For Appellant:  Lieutenant Colonel Beverly B. Knott, Lieutenant Colonel
     Timothy W. Murphy, and Captain Karen L. Hecker (on brief).


For Appellee:  Colonel Anthony P. Dattilo and Major Lance B. Sigmon (on
     brief).


Military Judge:  Bruce T. Brown

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.**

United States v. Sills, No. 02-0048/AF

PER CURIAM:

In its review of appellant's case under Article 66, Uniform Code of Military Justice, 10 USC § 866, the Court of Criminal Appeals set aside one of the specifications of which appellant was convicted.  United States v. Sills, 56 MJ 556, 563, 572 (A.F.Ct.Crim.App. 2001).  The court then turned to consider whether it "may reassess the sentence, or whether it must order a rehearing on the sentence."  Id. at 568.  Citing Jackson v. Taylor, 353 U.S. 569 (1957), the court concluded that it lacked the authority to order a rehearing on sentence.  Id. at 571. The court, however, did not take into account this Court's contrary, controlling interpretation of Jackson.

Shortly after the Jackson decision was issued, the Judge Advocate General of the Army certified to our Court the question of whether the intermediate courts were authorized under Article 66 to order a sentence-only rehearing.  United States v. Miller, 10 USCMA 296, 297, 27 CMR 370, 371 (1959).  We held that the intermediate courts are authorized to order sentence-only rehearings, concluding that Jackson was not to the contrary. Regarding Jackson, we said:

> [T]he Supreme Court was merely pointing out some of the difficulties which prompted Congress to authorize reassessment of the sentence by a board of review [as the Courts of Criminal Appeals then were denominated] and that it was not intending to say the power to order the limited rehearing was not

2

> impliedly granted by Articles 66 and 67 of the Code.  Accordingly, we reaffirm our previous holdings that a case may be returned to a court-martial for rehearing on sentence only.

Id. at 299, 27 CMR at 373.

For over forty years since that decision was issued, the intermediate courts routinely have ordered rehearings on sentence.  As noted in the Drafters' Analysis of the 1969 Manual, the rules were revised at that time to provide specific procedures for the various types of rehearings, including rehearings on sentence, "because rehearings on the sentence have been frequent since the publication of the former Manual in 1951."  Para. 81b, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, Dept. of the Army Pamphlet 27-2 at 15-1 (July 1970).  The President has continued to set forth rules governing rehearings on sentence in the Manual, including the power of the Courts of Criminal Appeals to order such rehearings.  See RCM 810(a)(2) and 1203(c)(2), Manual for Courts-Martial, United States (2000 ed.).  Our decisions on sentence rehearings have reaffirmed the power of the Courts of Criminal Appeals to order rehearings on sentence, taking into account both Jackson and Miller.  See, e.g., United States v. Boone, 49 MJ 187, 195 (1998) (opinion by Ripple, Circuit Judge, sitting by designation).

Although not necessary to our decision here, we note that Congress revised the statutory authority for rehearings subsequent to Miller, but it did not seek to limit the authority of the intermediate courts to order sentence-only rehearings. See Military Justice Act of 1983, Pub. L. No. 98-209, § 5(d), 97 Stat. 1393, 1398 (art. 63, UCMJ); see also id. at § 7(e), 97 Stat. at 1402 (art. 69, UCMJ) (extending the power to order rehearings to the Judge Advocates General); S. Rep. No. 98-53, at 8, 29 (1983) (describing the power of the Judge Advocates General under the legislation as similar to the powers exercised by the intermediate courts).

The court below also addressed the issue of factual sufficiency under Article 66. 56 MJ at 562-64. The court cited the standard set forth for factual-sufficiency review in United States v. Turner, 25 MJ 324, 325 (CMA 1987) (proof beyond a reasonable doubt), but it also took note of the decision of another panel of the Air Force court in United States v. Washington, 54 MJ 936, 941 (A.F.Ct.Crim.App. 2001), which concluded that factual sufficiency should be considered under a preponderance-of-the-evidence standard. 56 MJ at 562; see also United States v. Nazario, 56 MJ 572 (A.F.Ct.Crim.App. 2001). Although the Courts of Criminal Appeals, and their predecessor courts (the Boards of Review and Courts of Military Review), historically have conducted their Article 66 de novo review of

4

the facts under the traditional criminal law standard of proof beyond a reasonable doubt, the lower court in Washington and Nazario has asserted that an excerpt from Article 66's legislative history compels a different result.

The court in Nazario relied on the commentary submitted by the Department of Defense during the congressional hearings on the UCMJ, which was adopted in the committee reports. 56 MJ at 573-74. The commentary and committee reports used identical language to note that an intermediate court "shall affirm a finding of guilty . . . if it determines that the finding conforms to the weight of the evidence . . . ." Hearings on H.R. 2498 Before a Subcomm. of the Comm. on Armed Services, 81st Cong., 1st Sess. 1187 (1949) [hereafter cited as House Hearings]; S. Rep. No. 81-486, at 28 (1949); H.R. Rep. No. 81-491, at 31-32 (1949). The court in Nazario concluded that the term "weight of the evidence" should be interpreted to mean "preponderance of the evidence," and that the Boards of Review that had applied the "beyond a reasonable doubt" standard after the UCMJ was enacted had cast the legislative history "into the dustbin of history." 56 MJ at 574. The court erroneously cited the discussion in the House Hearings at 609, 611, and 612 pertaining to the Judicial Council, which would not have had the power to conduct a de novo review for factual sufficiency because it was limited to questions of law.

In Washington, 54 MJ at 940-41, the lower court reached a similar conclusion concerning the meaning of "weight of the evidence" by citing a civil case decided in 1974, see Montgomery Ward & Co. v. United States, 61 C.C.P.A. 101, 499 F.2d 1283 (C.C.P.A. 1974), and a definition in Black's Law Dictionary at 1594 (6th ed. 1990).  Each of these sources reflects use of the term "weight of the evidence" in the context of a non-criminal proceeding.  Neither demonstrates that Congress sought to supplant the traditional criminal law standard with a civil law standard when it enacted Article 66 in 1950.  There is nothing in the legislative history cited by the court below demonstrating that Congress rejected the trial-level standard of proof beyond a reasonable doubt for purposes of Article 66 de novo review.

The Boards of Review and their successors did not cast aside the legislative history but, rather, applied the traditional criminal law standard to fulfill congressional intent that the intermediate courts conduct de novo review of factual sufficiency.  In considering whether to overrule our decision in Turner that embodied these precedents, we are mindful of the Supreme Court's guidance in Payne v. Tennessee, 501 U.S. 808, 827 (1991), regarding the doctrine of stare decisis:  adherence to precedent "is the preferred course because it promotes the evenhanded, predictable, and consistent

development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." It is a principle of decisionmaking, not a rule, and need not be followed when the precedent at issue is "unworkable or . . . badly reasoned." Id.

The court below has not demonstrated that Turner is unworkable, nor does the excerpt from the legislative history cited by the court demonstrate that it is badly reasoned. Accordingly, we decline to overturn Turner. Although the opinion of the court below in the present case appears to rely on Turner, its decision is not free from ambiguity, and it should be clarified on remand.

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further review consistent with this opinion and our order granting the petition for review. ___ MJ ___ (Daily Journal Jan. 15, 2002). Thereafter, Article 67, UCMJ, 10 USC § 867, shall apply.