UNITED STATES

v.

Colonel James A. SILLS, United States Air Force.

ACM 34323 (f rev).

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 10 March 2000.

Decided 22 Aug. 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Jeffrey A. Vires, and Captain Karen L. Hecker.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo and Lieutenant Colonel Lance B. Sigmon.

Before YOUNG, BURD, and BRESLIN, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

BRESLIN, Senior Judge:

We previously reviewed this case under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *United States v. Sills,* 56 M.J. 556 (A.F.Ct. Crim.App.2001). Thereafter, the appellant petitioned the Court of Appeals for the Armed Forces for a grant of review under Article 67(a)(3), 10 U.S.C. § 867(a)(3). The appellate defense counsel based their appeal, in part, upon their belief that this Court's opinion held we did not have the authority to order a rehearing on sentencing, and upon the belief that this Court did not apply the test for factual sufficiency set out in *United States v. Turner,* 25 M.J. 324, 325 (C.M.A. 1987). The appellate government counsel also concluded that this Court's opinion in *Sills* held that we did not have the authority to order a sentence rehearing, but argued that this Court properly applied the test for factual sufficiency established by *Turner.* The Court of Appeals for the Armed Forces set aside our decision in *Sills,* and remanded the case to this Court for clarification of the import of our opinion on these two issues. *United States v. Sills,* 56 M.J. 239, 241 (2002).

We are grateful for the opportunity for clarification, because both parties misconstrued our opinion regarding sentence reassessment. This Court is, and has always been, well aware of its authority to order a rehearing on sentence, should it choose to do so. As noted in our original opinion, the President, acting within the authority delegated by Congress, Article 36, UCMJ, 10 U.S.C. § 836, promulgated Rules for Courts-Martial (R.C.M.) 810(a)(2) and R.C.M. 1203(c)(2), specifically authorizing a rehearing on sentence only. *Sills,* 56 M.J. at 571.

■ The issue in our original opinion in *Sills* was not whether this Court could order a rehearing on sentence. The issue was whether we were required to do so under the criteria established in *United States v. Sales,* 22 M.J. 305 (C.M.A.1986) and its progeny, which limited the power of courts of criminal appeals to reassess sentences only where the reviewing court was convinced that the sentence, as reassessed, was no greater than the sentence the original court-martial would have imposed, absent the error. We reviewed the language of Article 66(c), UCMJ, its legislative history, and the decision of the Supreme Court in *Jackson v. Taylor,* 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), and interpreted its meaning. *Sills,* 56 M.J. at 568–70. We also reviewed the evolution of the case law from our superior court which reaches a different conclusion. *Id.* at 570–71. We attempted to reconcile the two results, but were unable to do so. *Id.* at 571. We noted that R.C.M. 810(a)(2) and R.C.M. 1203(c)(2) authorize a rehearing on sentence only, but recognized "these provisions are not mandatory by their terms." *Id.* We felt bound by the precedent established by the Supreme Court in *Jackson v. Taylor,* and based our decision upon it. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983) ("Needless to say, only this Court may overrule one of its precedents."); *Hutto v. Davis,* 454 U.S. 370, 375, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) ("[A] precedent of this Court must be followed by the lower federal courts no matter how misguided the judges

of those courts may think it to be."). We recognize that this issue will be considered on appeal, and trust that this further review will reconcile the apparent conflict.

■ In order to clarify our earlier opinion regarding the standard of review for factual sufficiency, this Court in *Sills* applied the standard established in *Turner,* cited in our opinion. It is true we took note of the recent decision in *United States v. Washington,* 54 M.J. 936, 941 (A.F.Ct.Crim.App.2001), which suggested, but did not apply, a different standard for evaluating the factual sufficiency of the evidence under Article 66(c), UCMJ. *Sills,* 56 MJ at 562. However, our citation to *Washington* was preceded with the signal *"But see,"* with the intention that the signal convey its normal meaning that the "cited authority directly states or clearly supports a proposition *contrary* to the main proposition." *The Bluebook: A Uniform System of Citation,* R. 1.2(c), at 23 (17th ed. 2000) (emphasis added).

The appellant argues that this Court's opinion in *United States v. Nazario,* 56 M.J. 572 (A.F.Ct.Crim.App.2001), released the day after *Sills,* implies that we employed a different standard of review for factual sufficiency. That speculation is incorrect. We cited *Turner* as the controlling standard; we did not cite *Nazario.* Indeed, this Court has applied the *Turner* standard in every case, except *Nazario.* We specifically explained in *Nazario* that we were applying the different standard in that one case only to preserve the issue for review by our superior court. *Nazario,* 56 M.J. at 575.

With that clarification we incorporate by reference our earlier decision in this case.* The findings of guilt to Specification 3, Charge IV, and Charge IV, are set aside. The findings of guilt for Charge I and its Specification, and Charge V and its Specification, and the sentence, as reassessed, are

AFFIRMED.

---

\* We are mindful of our superior court's guidance in *United States v. Ginn,* 47 M.J. 236, 238 n. 2 (1997), indicating that setting aside the decision of a lower court does not disturb unaffected portions of the previous opinion. However, for the sake of clarity, we re-state our decretal paragraph.