BAKER, Judge*
(concurring);
I concur with the majority opinion and its compelling analysis of stare decisis. I write separately to make three additional points.
First, while neither the Government nor Appellee have analyzed the historical underpinnings o'f Article 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d) (1996), the legislative history of the UCMJ and the predecessor Articles of War clearly indicates that Congress empowered the courts of criminal appeals — previously the boards of review — to order rehearings on sentence. The authority was first established in 1920, in A’ticle 50/é of the Articles of War:
*339 When ... the board of review holds the record of trial legally insufficient to support the findings or sentence, either in whole or in part ... such findings and sentence shall be vacated in whole or in part ... and the record shall be transmitted through the proper channels to the convening authority for a rehearing or such other action as may be proper.
Article of War 50$ (1920) (emphasis added).
This authority was carried forward in the 1948 Elston Act, through which Congress intended to retain “the substance of the clauses of ... Article of War 50$ relating to rehearings” in the revised Articles of War, via Article of War 52. H.R.Rep. No. 1034, at 13 (1947). Article of War 52 stated that any reviewing authority, including the boards of review and the nominal predecessor of this Court — the judicial council — possessed the authority to order a rehearing on sentence:
When any reviewing or confirming authority disapproves a sentence or when any sentence is vacated by action of the board of review or judicial council ... the reviewing or confirming authority or the Judge Advocate General may authorize or direct a rehearing.
Article of War 52 (1948). This authority, in turn, was included in the UCMJ:
If the board of review sets aside the findings and sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing.
Article 66(d), UCMJ (1950).
Notwithstanding this history, the Government contends that this Court “rewrote” Article 66(d), UCMJ, in United States v. Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959), in an ultra vires grant of rehearing authority by judicial fiat. The problem with this argument is that the courts of criminal appeals and predecessor boards of review have possessed the power to order a rehearing on sentence for nearly a century, and Congress never intended anything to the contrary. In presenting Article 66(d), UCMJ, to Congress, the Department of Defense succinctly described the board of review’s rehearing power by referencing the like power of the convening authority under Article 63, UCMJ:
Subdivision (d) deals with the power to order a rehearing. (See Article 63.).
Uniform Code of Military Justice: Hearings on H.R. 2^98 Before a Subcomm. of the H. Comm, on Armed Sens., 81st Cong. 914 (1949), reprinted in Index and Legislative History, Uniform Cods of Military Justice (1950) (not separately paginated) [hereinafter Legislative History].
The drafters noted in the commentary to Article 63, UCMJ that the rehearing power was “adopted from” Article of War 52, as amended by the 1948 Elston Act. Legislative History at 1180. Article of War 52, in turn, was intended to restate the substance of its predecessor, Article of War 50$. H.R.Rep. No. 1034, at 13. Article 50$ makes clear that the “findings and sentence,” used in this context, refer to the findings or sentence set aside by the board of review, “in whole or in part.” In other words, statutory law dating back nearly a century — not one decision of this Court or the United States Supreme Court viewed in a vacuum — answers the question certified by the Government.
Nonetheless, the Government invites this Court to relitigate this issue as if Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), had been decided yesterday,[1] and to analyze just what Article 66(d), UCMJ, means as if it were new law.
My second point is this: the year is 2015, not 1958. In the nearly six decades that have elapsed, the President has consistently promulgated Rules for Courts-Martial authorizing and establishing procedures for sen *340 tence-only rehearings.[2] United States v. Sills, 56 M.J. 239, 240 (C.A.A.F.2002) (per curiam) (unanimous) (noting that Rules for Courts-Martial 810(a)(2) and 1203(c)(2) specifically contemplate sentence-only rehearings). The Manual for Courts-Martial (MCM), in turn, has consistently differentiated between retrials and rehearings (i.e., not every rehearing is a retrial on findings and sentence), and has specifically contemplated “rehearings on sentence only.” E.g., MCM para. 81(b)(2) (1969 ed.).[3]
Rehearings on sentence, therefore, have been contemplated by Congress since the Articles of War, and relevant procedures have been consistently promulgated by the President and recognized by the Department of Defense. As the majority opinion notes, they are not unworkable under well-understood principles of stare decisis. But an equally important consideration, and my third point, is that the Government’s position is itself unworkable and may raise serious constitutional questions.
The Government’s position (or at least the Navy’s position in this ease) is that appellate courts within the military justice system lack the power to order a rehearing on sentence.[4] This position ignores the fact that in some eases, a military appellate court “cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred. Under these circumstances, a rehearing on sentence is in order.” United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986). This consideration is perhaps most obviously illustrated by prejudicial error arising in the sentencing phase of a capital case. Presumably, in the Government and the dissent’s view, prejudicial legal error in the penalty phase of a capital trial could be resolved on appeal as follows:
(1) The Court of Criminal Appeals (CCA) may find constitutional error, such as ineffective assistance of counsel.
(2) The CCA may test the error for harmlessness, and conclude that the error is not harmless beyond a reasonable doubt.
(3) The CCA may proceed to reassess the death sentence.[5] The CCA may not order a rehearing on sentence, because it lacks that authority under Article 66(d), UCMJ, even when presented with prejudicial constitutional error.
(4) The CCA may conclude by majority vote that, notwithstanding constitutional error prejudicial to the appellant’s substantial rights under Article 59(a), UCMJ, during the sentencing phase of trial, the death penalty is appropriate.
*341 As a general matter, “absurd results are to be avoided if alternative [statutory] interpretations consistent with the legislative purpose are available.” Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).[6] That principle applies here, where nothing suggests that Congress intended such a scheme. Moreover, even under Congress’s authority to make rules for the government and regulation of the land and naval forces, it is not at all clear that the system envisioned by the Government — allowing appellate courts to reassess and affirm a death sentence notwithstanding prejudicial constitutional error during the sentencing phase — would afford a military appellant the due process protections guaranteed by the Constitution. Thus, when asked whether to adhere to our long-standing interpretation of a statutory provision and its predecessors which have pennitted rehearings on sentence since 1920, or whether to adopt a . new construction that would raise novel constitutional questions, this Court is “obligated to construe the statute to avoid [constitutional] problems if it is fairly possible to do so.” Bowmediene v. Bush, 553 U.S. 723, 787, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (citing I.N.S. v. St. Cyr, 533 U.S. 289, 299, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (quoting Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932))) (internal quotation marks omitted).
In light of these considerations, the question might reasonably be asked, why, if every Judge of this Court has ignored Supreme Court precedent for more than sixty years, not a single Justice of the Supreme Court has so indicated in evaluating petitions for writ of certiorari.[7] In United States v. Thomas, 66 M.J. 382 (C.A.A.F.2008), cert. denied, 555 U.S. 886, 129 S.Ct. 270, 172 L.Ed.2d 148 (2008), the petitioner quoted Jackson’s, language finding “no authority” for sentence rehearings in the UCMJ, argued that there was a split between this Court and other federal courts of appeals regarding the authority to remand a ease for resentencing, and asserted that “there is a question as to whether the CAAF even has the authority under the UCMJ to remand a case for resen-tencing.” Petition for a Writ of Certiorari, Thomas v. United States, No. 08-117, 2008 WL 2900046, at *13, *17 (July 24, 2008). Of course, denials of certiorari are not prece-dential, but if — as the dissent contends — this Court has disregarded the hierarchy of the federal judiciary and supported judicial “anarchy” for over six decades, it stands to reason that the Supreme Court might say so.[8] See U.S. Sup.Ct. R. 10(e). Alternatively, if the argument raised by the dissent has *342 long been settled, then no further consideration would appear necessary.
In summary, this Court was correct in 1959, when it determined that appellate courts within the military justice system have the power to order sentence-only rehearings. Miller, 10 C.M.A. at 298-99, 27 C.M.R. at 372-74. Whatever the import of the Supreme Court’s dictum in 1957 finding “no authority” for the procedure — made in the course of denying relief to a habeas petitioner challenging the reassessment power of the boards of review — there is such authority today, and it has been consistently recognized by this Court, the Department of Defense, and the President. As the Navy argued in 2006, to conclude otherwise “would lead to obviously absurd results.”
APPENDIX TO CONCURRING OPINION
Cases Addressing Jackson v. Taylor, 353 U.S. 569 (1957)
United States v. Cummins, 9 C.M.A. 669, 679, 26 C.M.R. 449, 459 (1958) (Ferguson, J., dissenting) (noting that Jackson addressed the “power of the boards of review to determine appropriateness of sentence”).
United States v. French, 10 C.M.A. 171, 185, 27 C.M.R. 245, 259 (1959) (Latimer, J.) (recognizing Jackson’s determination that an accused is not “as a matter of law” entitled to a sentence rehearing in all cases).
United States v. Miller, 10 C.M.A. 296, 299, 27 C.M.R. 370, 373 (1959) (Latimer, J.) (concluding that the Supreme Court’s decision in Jackson was addressed to sentence reassessment and did not intend to disturb existing rehearing practice).
United States v. Russo, 11 C.M.A. 352, 358, 29 C.M.R. 168, 174 (1960) (Ferguson, J.) (citing Jackson for the proposition that the boards of review have broad power to determine sentence appropriateness).
United States v. Rhodes, 11 C.M.A. 734, 745, 29 C.M.R. 551, 561 (1960) (Quinn, C.J.) (reaffirming the board of review’s reassessment power as upheld in Jackson).
United States v. Lindsay, 12 C.M.A. 235, 242, 30 C.M.R. 235, 242 (1961) (Latimer, J., concurring in the result) (citing Jackson for the proposition that, while sentence rehearings are permissible, sentence reassessment was appropriate).
United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962) (Kilday, J.) (noting that Article 66(c), UCMJ, authorizes the unique military procedure, approved by the Supreme Court in Jackson, of sentence reassessment).
United States v. Zunino, 15 C.M.A. 179, 180, 35 C.M.R. 151, 152 (1964) (Kilday, J.) (citing Jackson for the proposition that sentence rehearing, while permissible, was not required).
United States v. Glaze, 22 C.M.A. 230, 230-31, 46 C.M.R. 230, 230-31 (1973) (Darden, C.J.) (upholding the lower court’s power to reassess the sentence under Article 66(c), UCMJ, and Jackson).
United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986) (Everett, C.J.) (concluding that sentence reassessment under Article 66(c), UCMJ, is constitutional, citing Jackson).
United States v. Boone, 49 M.J. 187, 195 (C.A.A.F.1998) (Ripple, Circuit Judge, sitting by designation) (reading Jackson and Miller together to conclude that both sentence reassessment and sentence rehearings are permissible appellate remedies).
United States v. Curtis, 52 M.J. 166, 168 (C.A.A.F.1999) (per curiam) (recognizing that Jackson upheld the reassessment power of military appellate courts under Article 66(c), UCMJ).
United States v. Eversole, 53 M.J. 132, 133 (C.A.A.F.2000) (Cox, S.J.) (same).
United States v. Wilson, 54 M.J. 57, 61 (C.A.A.F.2000) (Sullivan, J., concurring in part and dissenting in part) (citing Jackson in relation to Article 66(c), UCMJ).
United States v. Sills, 56 M.J. 239, 239 (C.A.A.F.2002) (per curiam) (unanimous) (concluding that the lower court erred in finding that it had no authority to order a sentence rehearing under Jackson); see also United States v. Sills, 57 M.J. 606, 607 (A.F.Ct.Crim.App.2002) (Breslin, S.J.) (explaining that the Ah' Force Court of Criminal Appeals was “well aware of its authority to *343 order a rehearing on sentence,” and asserting that its original opinion was misconstrued by all parties).
United States v. Doss, 57 M.J. 182, 187 (C.A.A.F.2002) (Crawford, C.J., concurring in part and dissenting in part) (citing Jackson and Miller to support the CCA’s authority to reassess the sentence under Article 66(c), UCMJ).
United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F.2002) (Gierke, J.) (noting that the Supreme Court’s decision in Jackson affirmed the practice of sentence reassessment under Article 66, UCMJ).
United States v. Washington, 57 M.J. 394, 405 (C.A.A.F.2002) (Sullivan, S.J., concurring in part and dissenting in part) (citing Jackson in connection with Article 66(e), UCMJ).
United States v. Nerad, 69 M.J. 138, 142 n. 3 (C.A.A.F.2010) (Ryan, J.) (“the dissent’s interpretation of Jackson [(Stucky, J., dissenting)] is squarely at odds with this Court’s interpretation”).
United States v. Winckelmann, 73 M.J. 11, 14 (C.A.A.F.2013) (Baker, C.J.) (“[W]hat confusion that might have arisen as a result of the [Supreme Court’s] dicta in Jackson was resolved by this Court in [Miller]”).

 Former Chief Judge James E. Baker took final action in this case prior to the expiration of his term on July 31, 2015.

. Contrary to the dissent’s contention, every judge of this Court has not contravened Supreme Court precedent for more than six decades. We have, in at least twenty cases, recognized Jackson’s holding that Article 66(c), UCMJ, provides the statutory authority for military appellate courts to conduct sentence reassessment. See infra Appendix to Concurring Opinion. That conclusion represents ,the holding of Jackson, as explicitly recognized by the Supreme Court in the companion case of Fowler v. Wilkinson, 353 U.S. 583, 585, 77 S.Ct. 1035, 1 L.Ed.2d 1054 (1957) ("[T]he board of review had jurisdiction to modify the sentence. [The] inquiry cannot be extended beyond that question.”).

. The responses that the President cannot make substantive law, or that he has merely acquiesced to this Court’s ultra vires action, are not persuasive. In enacting these provisions, the President is acting pursuant to his statutory authority to establish procedural rules for the military justice system. Article 36, UCMJ, 10 U.S.C. § 836 (2012).

. The MCM has discussed rehearings on sentence since the first edition dealing with the UCMJ was published in 1951, noting that "[i]f a sentence is disapproved because of any procedural error prejudicial to the substantial rights of the accused, a rehearing may properly be ordered" by the convening authority, the board of review, or the Court of Military Appeals. MCM ch. XVIII, para. 92 (1951 ed.). And, of course, editions of the MCM published under the Articles of War provided guidance for issues presented by sentence-only rehearings. For example, the commentary accompanying Article 50‘i in the 1936 edition of the MCM stated that when the "board of review and the Judge Advocate General hold the record of trial to be legally insufficient to support a sentence requiring confirmation by the President before its execution, the record should not be submitted to the Secretary of War for the action of the President but should be returned to the reviewing authority in accordance with the provisions of A.W. 50'& for re-hearing or such other action as may be proper.” A Manual for Courts-Martial, U.S. Army app. 1 at 216 (1936 ed.).

. In the context of this litigation, this position is taken by the Navy’s Appellate Government Division, and individual appellate divisions have decided whether or not to file amicus briefs. The filings do not reflect whether tire assertion that appellate courts within the military justice system lack the authority to order a rehearing on ■ sentence represents the coordinated position of the Department of Defense, the President of the United States, or tire United States government.

. Sentence reassessment is not synonymous with sentence reduction; reduction is not automatically required in the case of reassessment. Sales, 22 M.J. at 308.

. As recently as 2006, the Navy’s Appellate Government Division took the view that military appellate courts may order rehearings on sentence, and successfully asked this Court to order such a hearing in a death penalty case. United States v. Quintanilla, 63 M.J. 29 (C.A.A.F.2006). When Quintanilla moved for reconsideration and argued that the unique nature of military death penalty proceedings entitled him to a rehearing on both findings and sentence, the Navy’s reply characterized his position as "at odds with established case law,” and stated that it "would lead to obviously absurd results.” Government’s Answer to Petition for Reconsideration, United States v. Quintanilla, Nos. 05-0274 and 05-5001, 2006 WL 1087142, at *3 (C.A.A.F. Apr. 11, 2006).

. In at least four petitions for writ of certiorari, petitioners have explicitly challenged the sentence reassessment power of militaiy appellate courts, and have noted the possibility of sentence rehearings under this Court’s case law and Article 66(d), UCMJ. See United States v. Thomas, 66 M.J. 382 (C.A.A.F.2008), cert. denied, 555 U.S. 886, 129 S.Ct. 270, 172 L.Ed.2d 148 (2008); United States v. Hoskins, 39 M.J. 361 (C.M.A.1994), cert. denied, 513 U.S. 809, 115 S.Ct. 57, 130 L.Ed.2d 16 (1994); United States v. Arguello, 30 M.J. 219 (C.M.A.1990), cert. denied, 498 U.S. 846, 111 S.Ct 130, 112 L.Ed.2d 98 (1990); United States v. Burns, 25 M.J. 218 (C.M.A.1987), cert. denied, 484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987).

.Apart from arguing that a rehearing on sentence should have been ordered, in some cases, petitioners stated that a rehearing on sentence had been ordered or had already occurred. E.g., United States v. McMurrin, 73 M.J. 243 (C.A.A.F.2014), cert. denied, — U.S. -, 135 S.Ct. 382, 190 L.Ed.2d 256 (2014); Quintanilla, 63 M.J. 29, cert. denied, 549 U.S. 886, 127 S.Ct. 261, 166 L.Ed.2d 150 (2006); United States v. Saintaude, 61 M.J. 175 (C.A.A.F.2005), cert. denied, 546 U.S. 979, 126 S.Ct. 576, 163 L.Ed.2d 463 (2005); United States v. Stirewalt, 60 M.J. 297 (C.A.A.F.2004); cert. denied, 544 U.S. 923, 125 S.Ct. 1682, 161 L.Ed.2d 482 (2005); United States v. Johanns, 20 M.J. 155 (C.M.A.1985), cert. denied, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985).