## No. 17,867.

### PYRAMID LIFE INSURANCE COMPANY v.
### JOHN WILLIAM MASCH.

(299 P. [2d] 117)

Decided July 9, 1956.   Rehearing denied July 23, 1956.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for plaintiff in error.

Messrs. HALL & GARLUTZO, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff, father of John Morgan Masch, instituted this action to recover on a life insurance policy issued by defendant on the life of John Morgan Masch, which policy was dated January 17, 1941, and in which plaintiff was named beneficiary. By this insurance contract defendant agreed to pay plaintiff one thousand dollars in the event of the death of his son; it provided inter alia: "11. Other conditions. (1) * * * (4) In case of the death of the insured while in military service or naval service in time of war or within six months thereafter as a result of such service, the liability of the Company shall be limited to the premium paid hereon, unless the Insured shall have received the Company's permission to engage in such service and shall have paid the extra premium required."

A copy of the policy was attached to and made part of plaintiff's complaint which alleged, in addition to the issuance of the insurance, that while the policy was in full force and effect, on May 17, 1951, the insured was a Private First Class in the military service of the United States Army and was killed in the vicinity of Hangye, South Korea. It was further alleged that due proofs of loss were submitted to defendant and that payment of the face of the policy had been refused. Prayer was for judgment in favor of plaintiff in the sum of one thousand dollars, interest and costs.

The defendant filed a motion to dismiss the complaint, "because the complaint fails to state a claim against the

defendant upon which relief can be granted." This motion was overruled, whereupon defendant declined to plead further and judgment was entered in favor of plaintiff as prayed for in the complaint. From this judgment the defendant is here on writ of error.

For reversal it is urged that "The Korean conflict was a 'time of war' within the meaning of the insurance policy because, 1. Facts of common public knowledge, of which this Court may take judicial notice, bring it within the definition of 'war.' 2. The term 'war' is plain and unambiguous."

■■ It is manifest that the complaint did state a claim upon which the plaintiff might recover, this entirely aside from the question which counsel for the defendant propound in their summary of argument. By the policy the insurance company contracted to repay the premium paid in the event the insured died in the military service "in time of war." When the motion to dismiss was overruled, defendant's counsel declined to answer or plead further. The complaint did state a claim upon which plaintiff was entitled to recover and no other ruling was possible. The motion to dismiss raised no questions of fact, and since all factual matters, well pleaded, stand admitted at the time a motion to dimiss is presented, the ruling was proper. Had the defendant desired to raise issues of fact, an answer should have been filed setting forth the insured was in the military service, and that his death occurred *in time of war;* that he had not received the Company's permission to engage in military service; had not paid the extra premiums required; the amount of the premiums actually paid on the policy and a tender of the amount thereof. None of these facts were before the trial court in the instant case. If the Company desired to contest its liability in whole or in part, it was incumbent on it to plead the facts on which it relies. If issue is joined on the matters set up as a total or partial defense, then trial must be had to determine the con-

troverted matters. In the instant case no other course was open to the trial court than to enter judgment for plaintiff.

■ We are asked to take judicial notice that the engagements of United States troops in Korea constituted "War"; this, in spite of the fact, as counsel for defendant admit, that "war" was never declared by Congress, the only authority competent to declare it, with respect to the action in Korea. The existence or nonexistence of a state of war is a political, not a judicial, question and it is only when a formal declaration of war had been made by the Congress that judicial cognizance may be taken thereof. Once so declared by the political department, it becomes binding upon the courts, otherwise not. *Rosenau v. Idaho Mut. Ben. Ass'n.,* 65 Ida. 408, 145 P. (2d) 227; *Bely v. Pennsylvania Mutual Life Ins. Co.,* 373 Pa. 231, 95 Atl. 2d 202; *West v. Palmetto State Life Ins. Co.,* 202 S.C. 422, 25 S.E. 2d 475.

The contract in the instant case was prepared by the officers and agents of the defendant and as insurer it must stand by the words employed in the policy. If the words "in time of war" were to include every type of hostility that might occur between the armed forces of different nations, without an open declaration of war, an insurer could not possibly know its liability under such a contract until some court decided whether or not the hostilities referred to constituted a "war."

■ Any doubt concerning the meaning of a word or clause in a life insurance policy should be resolved in favor of the insured. Had the defendant desired to cover the contingency here involved it would have been a simple matter to include proper words to indicate that "war" meant "hostilities," whether or not declared by Congress to be a state of war.

We perceive no error in the ruling of the trial court, hence the judgment is affirmed.