Otto H. FISCHER, Appellant,

v.

Lt. Gen. Clark L. RUFFNER, Appellee.

No. 18158.

United States Court of Appeals Fifth Circuit.

April 26, 1960.

Rehearing Denied May 30, 1960.

offense of desertion occurred "in time of war", the prosecution would be barred after three years; and he maintains that, although his desertion occurred prior to the Korean armistice, the United States was not then at war.

Appellant's conviction was approved by the convening authority and was then appealed to the Board of Review which affirmed; the petition for the grant of review by the Court of Military Appeals was denied, as was his petition for reconsideration of the denial.

Two questions are presented by this appeal. The first is whether the civil courts have jurisdiction to entertain a habeas corpus petition which asserts as the sole ground for release of a convicted military prisoner that he was charged and tried after such action had been barred by the Statute of Limitations, 10 U.S.C.A. § 843(a). The second is, was the date of Appellant's desertion during the Korean conflict "in time of war". Of course, a negative reply to the first question would cause the second to be moot.

Geo. G. Finch, Atlanta, Ga., for appellant.

Charles D. Read, Jr., U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., Atlanta, Ga., Thomas M. Wells, Jr., Lt. Col., Herman A. Greenglass, 1st Lt., Office of Army Staff, Judge Advocate, Third Headquarters, U. S. Army, Fort McPherson, for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from the denial of habeas corpus to a former member of the Armed Forces. Appellant was charged and tried in 1959 for desertion from the Army in 1953. He contends that he could not validly be tried because, unless the

■ We conclude that the point sought to be made in the habeas corpus court, i. e., that the Statute of Limitations had barred the trial of Appellant because the fourteenth day of July, 1953 was not "in time of war", is not subject to review by the Federal civil courts.[1] In Bisson v. Howard, 5 Cir., 224 F.2d 586, 587, we spoke of the "very limited field in which the civilian courts can review court martial proceedings". The language is based on the decision and opinion of the Supreme Court in Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 498, 94 L.Ed. 691. A careful reading of the Hiatt case gives the definite impression that the court by unanimous action, Mr. Justice Douglas not participating, held that alleged errors of law or fact as distinguished from error in asserting juris-

1. We refer to the attempt to obtain the consideration of the point as an attempt to obtain a "review" because, although not that, but in the form of a collateral attack by habeas corpus, the attack on the trial and conviction can be presented to the civil courts in no other way. There is no appeal or other review provided by statute to the Federal courts from judgments of courts military or the court of Military Appeals.

758

diction occurring in a court martial may not thereafter be corrected by an attack on the legality of the conviction by habeas corpus. The court there said:

"It is well settled that 'by *habeas corpus* the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * *. The single inquiry, the test, is jurisdiction.' In re Grimley, 137 U.S. 147, 150 [11 S.Ct. 54, 34 L.Ed. 636] (1890). In this case the court-martial had jurisdiction of the person accused and the offense charged, and acted within its lawful powers. The correction of any errors it may have committed is for the military authorities which are alone authorized to review its decision. In re Yamashita, 327 U.S. 1, 8–9 [66 S.Ct. 340, 344, 345, 90 L.Ed. 499] (1946); Swaim v. United States, supra, 165 U.S. [553] at [page] 562 [17 S.Ct. 448, 41 L.Ed. 823]."

Although stated in terms of "jurisdiction" the above principle is shown by the later case of Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508, to comprehend such a want of due process as would, under the test of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, deprive the court of the power to proceed to judgment. The court, in an opinion written by Mr. Justice Clark, concurred in by three Justices, with two separate concurrences, two dissents, and two opinions by Mr. Justice Frankfurter abstaining from participation in the decision and urging reargument of the case on other grounds, seems to have held that when in habeas corpus proceedings, the Federal civilian court determines that the very circumstances constituting a want of due process have themselves been fully and freely dealt with by the military courts, they are "not open to a federal civil court to grant the writ simply to re-evaluate the evidence". [346 U.S. 142, 73 S.Ct. 1049.]

■ It is significant to note that whatever disagreement had existed in the views of the several members of the Supreme Court through the Burns case, no disagreement had been expressed as to the proposition that either lack of jurisdiction in the technical sense or a want of essential due process amounting to lack of jurisdiction was necessary to give the civil courts the power to review judgments of courts martial by habeas corpus. In the two cases, Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1029, 1 L.Ed.2d 1045, and Fowler v. Wilkinson, 353 U.S. 583, 77 S.Ct. 1035, 1036, 1 L.Ed.2d 1054, as to which the majority opinion, this time concurred in by Mr. Justice Frankfurter, said: "Petitioner claims no deprivation of constitutional rights," found that the contention was that there was a want of power in the Review Board to modify a sentence downward. The court considered the contention on the merits, and held that the power was properly given by the Code of Military Justice. The dissenting opinion on its consideration of the merits, concluded otherwise. Here the court considered the petition on the merits because of petitioner's allegations had been correct the tribunal would have been without authority to fix the sentence. The issue thus fell within the concept of the jurisdiction of the Board of Review to act. In the Fowler case the court took occasion to restate the power of the civil courts to review in terms of whether there was "an absolute want of power in the military court". It said:

"As long ago as 1902 this Court recognized that it was a 'salutary rule that the sentences of courts-martial, when affirmed by the military tribunal of last resort, cannot be revised by the civil courts save only when void because of an absolute want of power, and not merely voidable because of the defective exercise of power possessed.' Carter v. McClaughry, 183 U.S. 365, 401 [22 S.Ct. 181, 195, 46 L.Ed. 236]."

■ No case has been found in which the Supreme Court has held that the habeas corpus court may reinquire into ordinary questions of fact and law, such

as the applicability of the Statute of Limitations. The court martial record is not before us. We are therefore unable to determine to what extent the plea of the statute was relied on in the court martial proceedings, although the respondent's brief tells us that no such plea was made until after the conviction. Nevertheless, no matter when the issue was raised, we conclude that such plea if made and if decided erroneously presented only questions of law and fact not touching on due process or technical jurisdiction of the military courts. Any ruling or denial of relief based thereon is not reviewable by habeas corpus.

This conclusion makes unnecessary a determination whether, within the purview of the Statute of Limitations the offense here charged was committed "in time of war".

The judgment is affirmed.