## Richmond

### NATIONAL FIRE INSURANCE COMPANY OF HARTFORD v. ERNEST H. DERVISHIAN, ET AL.

November 29, 1965.

Record No. 6036.

Present, All the Justices.

*Edward A. Marks, Jr. (Sands, Anderson, Marks & Clarke*, on brief), for the plaintiff in error.

*Ernest H. Dervishian (Dervishian, Hutzler & Lowenstein*, on brief), for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by plaintiffs, Ernest H. Dervishian and Anne G. Dervishian, against defendant, National Fire Insurance Company of Hartford, to recover for loss or damage to trees and

shrubs under a "comprehensive dwelling policy" of insurance issued to plaintiffs. Trial by jury was waived and the case was submitted to the trial judge upon an agreed statement of facts. There was a judgment for the plantiff in the amount of $900, and the defendant is here on a writ of error.

The sole question presented is: Does the contract of insurance insure the plaintiffs against loss or damage to trees and shrubs from weight of snow and ice?

Plaintiffs' dwelling house and certain trees and shrubs located on the premises in Richmond, Virginia, were damaged by a snow storm on March 5-6, 1962. Defendant company paid the loss sustained to the dwelling, but denied payment for the admitted loss or damage to trees and shrubs on the ground that such loss was not covered under the terms of the policy of insurance.

Defendant agreed that plaintiffs had satisfied all policy requirements as to notice and election to exercise the optional extension of coverage hereinafter referred to.

Plaintiffs' dwelling was insured for $50,000, and the policy also covered the contents of the building and other personal articles for different amounts. Attached to the policy was a fire and allied perils endorsement, designated as:

### "COVERAGE GROUP A—BROAD FORM, BUILDING(S) AND CONTENTS. DESCRIPTION OF PROPERTY AND COVERAGE."

Subdivision I of the endorsement, captioned "DESCRIPTION OF PROPERTY," provides:

"A. *Buildings:* Insurance on buildings shall cover buildings, including additions in contact therewith, occupied principally for dwelling house purposes; lawns; fences; also, if the property of the insured and when not otherwise covered, building equipment, fixtures and outdoor equipment, all pertaining to the services of the described premises and while located thereon."

Subdivision II, with catch line "COVERAGE," provides:

"This company agrees to pay for direct loss to those classes of property specifically insured under Group A of the Schedule [dwelling, contents and personal articles] caused by the following perils as defined and limited herein and further subject to all other conditions, limitations and exclusions contained in this policy and having specific reference thereto:"

Then follows a list of thirteen "Perils," with the definition and limitation of coverage for each. Peril No. 10 is as follows:

"10. *Weight of Snow, Ice or Sleet:* Loss by weight of snow, ice or sleet shall mean only physical injury to the building(s) covered or containing the property covered caused by weight of snow, ice or sleet. This company shall not be liable as respects this peril for loss to outdoor radio and television antennas and aerials including their lead-in wiring, masts and towers, outdoor equipment, fences, retaining walls not constituting a part of a building covered, driveways, walks, lawns, trees, shrubs and plants, except as the direct result of the collapse of a building."

Subdivision III, entitled "OPTIONAL EXTENSIONS OF COVERAGE," provides under "C. *Trees, Shrubs and Plants:*"

"The insured may apply up to 5% of the amount specified for Item 1 of the Schedule to cover trees, shrubs and plants (except those grown for commercial purposes) on the described premises, but this company shall not be liable for more than its proportion of Two Hundred Fifty Dollars ($250.00) on any one tree, shrub or plant. This company shall not be liable under this Extension of Coverage for loss to trees, shrubs and plants resulting from the perils of Windstorm and Hail, Falling Objects and Collapse as defined herein."

Subdivision IV, catchline "ADDITIONAL COVERAGES," under category "C", reads:

"If an amount of insurance and a premium have been inserted in a blank item of the Schedule, this company agrees to cover on trees, shrubs and plants (except those grown for commercial purposes) on the described premises, provided, however, that this company shall not be liable for more than Two Hundred Fifty Dollars ($250.00) on any one tree, shrub or plant."

Defendant company says that the contract of insurance "is a 'limited peril' policy; that the perils or risk insured against are clearly defined, and where necessary limited in the classes of property to which they may be made applicable; that peril No. 10, entitled 'weight of Snow, Ice or Sleet' is expressly and as a part of its definition and limitation made inapplicable to loss to 'trees, shrubs and plants.'" Thus it argues that the coverage provided by and limited in those portions of the policy denoted "Description of Property" and "Coverage" could not be extended to cover damage to trees and shrubs from the weight of snow and ice under either subdivisions III (C) or IV (C), even if an additional premium had been paid

(which was not done in this case) for coverage under this latter subdivision.

Defendant company has not cited a single case in support of its argument, except cases setting forth the universally accepted principle that when a contract of insurance is clear and unambiguous the court has no alternative but to interpret it as written. E.g., *Pilot Life Insurance Co. v. Crosswhite*, 206 Va. 558, 145 S.E. 2d 143, this day decided.

The parties agree that the language of subdivision I of the endorsement does not afford coverage for loss to trees, shrubs and plants, and that the language of peril No. 10, "Weight of Snow, Ice or Sleet," under subdivision II, excludes liability for any loss to trees, shrubs and plants, except loss incurred as the direct result of the collapse of a building.

However, they disagree on the effect and construction of subdivision III, "Optional Extensions of Coverage," subsection "C", where trees, shrubs and plants are specifically singled out and made the subject of coverage. There it is plainly and clearly stated that the insured may at his option apply an amount up to 5% of the amount of coverage on the dwelling to "cover" loss of trees, shrubs and plants on the premises, with a certain limitation on the amount to be paid for each tree, shrub or plant. The only limitation of liability under this extension of coverage is that there is no coverage for trees, shrubs and plants if the loss results from the perils of "Windstorm and Hail, Falling Objects and Collapse," which are defined as perils 2, 6 and 9, respectively, under subdivision II, "Perils." Significantly, peril 10, "Weight of Snow, Ice and Sleet," is not mentioned. If the defendant company had intended excluding the peril of the weight of snow, ice and sleet from the extension of coverage it could have easily done so by including this peril along with the three perils specifically named and excluded.

Hence we construe the language of subdivision III (C), "Optional Extensions of Coverage," to mean that since no coverage was afforded for loss to trees, shrubs and plants from the weight of snow, ice and sleet under either subdivision I or subdivision II, except as a direct result of the collapse of a building, plaintiffs may, if they elect to do so, apply 5% of the $50,000 coverage on the building, within specified limitations, to cover loss to trees, shrubs and plants resulting from the weight of snow, ice or sleet. If the language used is not so interpreted it would be meaningless and ambiguous.

The interpretation we have placed on the policy is fortified by the

rule that where the language of an insurance contract is susceptible of two constructions, as manifested in the argument, it is universally held that it is to be construed strictly against the insurer and liberally in favor of the insured. *Casualty Co. v. Fratarcangelo*, 201 Va. 672, 677, 112 S.E.2d 892, 895; 10 Mich. Jur., Insurance, § 25, pp. 315, 316; 29 Am. Jur., Insurance, § 258, p. 640; 44 C.J.S., Insurance, § 297, pp. 1169-1175.

Plaintiffs having exercised the option provided for under subdivision III (C), they were entitled to recover under this provision of the policy.

Since plaintiffs did not claim coverage under subdivision IV (C) it is unnecessary that we discuss defendant's argument relating to this provision of the policy.

The trial court correctly denied plaintiffs' request for an attorney's fee, claimed under the provisions of § 38.1-70, Code of 1950, as amended, 1953 Repl. Vol. This section is clearly not applicable to the case at bar as it deals with "foreign or alien" insurance companies not authorized to do business in Virginia.

For the reasons stated, the judgment is

*Affirmed.*