## Richmond

AMERICAN FIDELITY FIRE INSURANCE COMPANY, A CORPORATION v. ALLSTATE INSURANCE COMPANY AND RALPH EARL HADDOCK.

October 11, 1971.

Record No. 7612.

Present, All the Justices.

*Frederick P. Aucamp* (*Rixey and Rixey*, on brief), for plaintiff in error.

*John B. Preston* (*Irvin W. Cubine, Jr.; Preston, Preston, Wilson & Mason*, on brief), for defendants in error.

HARMAN, J., delivered the opinion of the court.

The question here is the proper interpretation of an assault and battery clause in an automobile liability insurance policy.

The policy was issued by American Fidelity Fire Insurance Company (American), covering a vehicle owned by Joseph E. Haddock (Joseph).

Ralph Earl Haddock (Ralph), Joseph's son, while a permissive user of this vehicle on April 28, 1967, was stopped and arrested for reckless driving by James J. Sciortino, a Virginia Beach police officer. After his arrest Ralph, with the officer's permission, reentered the car for the purpose of locking the doors. Instead of doing so he started the motor and attempted to drive from the scene.

Sciortino, while attempting to prevent Ralph's departure, "was dragged by the car at high speed some considerable distance before being able to pull himself into the rear seat." A struggle ensued inside the car when Ralph, after threatening to kill the officer, attempted to take Sciortino's revolver from him. During this struggle Ralph "lost control of the car which crashed" injuring both Ralph and Sciortino.

Sciortino then instituted an action for damages against Ralph to recover for his personal injuries. Ralph, upon being served with process, notified American of the action and American's attorneys appeared and filed defensive pleadings on behalf of Ralph. American then notified Ralph that it would provide no coverage or defense to him nor would it pay any judgment arising from Sciortino's claim.

A copy of the motion for judgment had also been served on Allstate Insurance Company (Allstate) who insured Sciortino's personal automobile. Allstate's policy contained a standard uninsured motorist endorsement as required by Code § 38.1-381.

Allstate, as Sciortino's uninsured motorist carrier, then instituted this action for a declaratory judgment against American and Ralph asking for a judgment that American was obligated to defend Sciortino's personal injury action and to pay such damages up to the limits of American's coverage, as might be awarded.

At a pretrial conference in the trial court the facts set forth earlier were stipulated and American's policy was admitted as an exhibit. The court, without objection, took judicial notice that Ralph had been found guilty of "assault with an automobile" in an earlier proceeding before the court. American's position at that hearing was that Ralph was not entitled to coverage because of the assault and battery clause in Joseph's policy which provides "Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The trial court held that even if Sciortino's injuries were the result of an assault and battery, the words "the insured" in the assault and battery clause should be construed as referring only to the named insured and not to an omnibus insured such as Ralph. The final order found that "the casualty in question was 'caused by accident' within the terms of the policy" and that American was required to afford "full coverage" to Ralph.

The contract itself makes an assault and battery an accident and coverage is extended "unless committed by or at the direction of the insured." The crucial question then is the meaning of the exception.

American points to the omnibus clause in Part III of the policy which defines "the insured" as including "the named insured . . . and also any person . . . legally responsible for the use (of the insured vehicle) provided the actual use is with the permission of" the named insured.

It argues that we must apply this definition of "the insured" to the assault and battery clause and hold that "the insured" in the exception includes Ralph, an omnibus insured.

For coverage under the policy to extend to a casualty, the policy requires that the accident be caused by an insured, either the named insured or an omnibus insured. Unless the assault was inflicted by a vehicle operated by either the named insured or an omnibus insured there could be no coverage. Under American's interpretation of the assault and battery clause, *i.e.*, that there is no coverage if either the named insured or an omnibus insured committed the assault or directed it to be committed, the assault could never be an accident in spite of the language in the assault and battery clause which defines an assault and battery as an accident. Thus, it would appear that the assault and battery clause is ambiguous.

In the case of such an ambiguity the rule is that where the language of an insurance contract is susceptible of two constructions, it is to be construed strictly against the insurer and liberally in favor of the insured. *National Fire Ins. Co.* v. *Dervishian*, 206 Va. 563, 145 S.E. 2d 184 (1965). See *Jackson* v. *North America Assurance Society*, 212 Va. 177, 183 S.E.2d 160 (1971).

We hold, therefore, that the trial court correctly interpreted the exclusion of the assault and battery clause as referring to the named insured.

*Affirmed.*