**Ignatius J. BROUSSARD, Jr., Petitioner-Appellant,**

v.

**Roderick R. PATTON, Col., United States Air Force, Base Comm., MAFB, et al., Respondents-Appellees.**

No. 72–1064.

United States Court of Appeals, Ninth Circuit.

Sept. 21, 1972.

George T. Altman (argued), Beverly Hills, Cal., Frank S. Pestana (argued), Los Angeles, Cal., for petitioner-appellant.

Mathew A. Schumacher, Asst. U. S. Atty. (argued), Gary H. Giesler, Frederick M. Brosio, Jr., Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for respondents-appellees.

Before KOELSCH, CARTER, and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order denying and dismissing Broussard's petition for a writ of habeas corpus. We affirm.

Broussard was an airman first class in the United States Air Force, stationed at Kadena Air Base, Okinawa. On October 1, 1964, he deserted.

He was arrested on March 18, 1969, and charged with violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (desertion). A general court-martial convicted him and sentenced him to confinement at hard labor for four months, reduction in grade to E-1, forfeiture of pay and allowances, and a bad conduct discharge.

Before completion of his confinement, Broussard sought habeas corpus in the Central District of California to void the sentence imposed upon him. Relief was denied and Broussard appealed to this court. We remanded to the district court with instructions that the proceedings be held in abeyance until Broussard exhausted his administrative remedies, after which he could seek a determination on the merits in the district court.

Broussard exhausted his administrative remedies and again resorted to the district court. It considered the merits of his claim and denied relief on the ground that the military determination was correct. The district judge cited and adopted the decision of the Air Force Court of Military Review in United States v. Broussard, 41 CMR 1004 (1970).

I

The only significant issue is the application of the statute of limitations to Broussard's desertion. Article 43 of the UCMJ, 10 U.S.C. § 843, provides that desertion "in time of war" may be tried and punished at any time without limitation. Peacetime desertion is subject to a three year limitation. The prosecution of Broussard was barred if he deserted in peacetime, but not if he deserted in time of war.

■ At the outset we must consider the scope of judicial review. We do not sit to supervise the military courts; rather our review is limited. Habeas corpus is available only to guard against the military courts exceeding their jurisdiction, O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); Reid v. Covert, 354 U.S. 1, 77

S.Ct. 1222, 1 L.Ed.2d 1148 (1957); United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955), and to vindicate constitutional rights. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

The relevant standard was stated, quite restrictively in Fischer v. Ruffner, 277 F.2d 756, 758 (5th Cir. 1960):

"[E]ither lack of jurisdiction in the technical sense or a want of essential due process amounting to lack of jurisdiction [is] necessary to give the civil courts the power to review judgments of courts martial by habeas corpus."

■ Following Burns v. Wilson, *supra*, we have ruled that habeas corpus proceedings involving military convictions are limited to determining whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers. Sunday v. Madigan, 301 F.2d 871 (9th Cir. 1962). We stated:

"This may include an inquiry as to whether the military have given fair consideration to each of the petitioner's claims. But once it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence." *Sunday* at p. 873.

On the issue of our jurisdiction to review Broussard's claim, Fischer v. Ruffner, *supra*, holds, precisely on point, that the civil courts have no jurisdiction to entertain a habeas corpus petition which asserts as the sole ground for release of a convicted military prisoner that he was charged and tried after such action had been barred by the statute of limitations. However it is unnecessary for us to adopt the holding in *Fischer*, because it is clear that in the case before us the military courts gave "full and fair consideration" to Broussard's claim. Burns v. Wilson, *supra*; Sunday v. Madigan, *supra*. Hence Broussard is not entitled to the writ. Cf. Kasey v. Goodwyn, 291

F.2d 174, 178 (4th Cir. 1961), cert. denied 368 U.S. 959, 82 S.Ct. 404, 7 L. Ed.2d 391 (1962).

Broussard's desertion occurred on October 1, 1964, after the Gulf of Tonkin Resolution (P.L. 88–408, August 10, 1964) but before the attack on American forces at Plieku (February 7, 1965) which initiated general ground fighting in Viet Nam.

Broussard presented the claim that his desertion was not "in time of war" to the Air Force Court of Military Review. United States v. Broussard, *supra*. That court rejected his claim, following United States v. Anderson, 38 CMR 386 (1968). The Court of Military Appeals denied review. 41 CMR 402 (1970).

■ It is an established rule of military law that, for purposes of Article 43, "time of war" refers to *de facto* war and does not require a formal Congressional declaration. United States v. Bancroft, 11 CMR 3 (1953); United States v. Ayers, 15 CMR 220 (1954); United States v. Anderson, *supra*; *cf.* United States v. Shell, 23 CMR 110 (1957).

In *Bancroft* the Court of Military Appeals considered the extent of hostilities, together with the public posture of the Congress and the Executive, and ruled that the conflict in Korea precipitated a "time of war" for purposes of Article 43, despite the absence of a formal Congressional declaration of war. *Anderson* made the same determination with regard to the present conflict in Viet Nam.

We do not understand Broussard to question this established case law, except to argue that the "time of war" attributable to the Viet Nam conflict for purposes of Article 43 began on February 7, 1965. Broussard stresses in his brief that, following the reported attack on the destroyers MADDOX and C. TURNER JOY, which led to the Gulf of Tonkin Resolution, there were no incidents of fighting until the attack on Plieku on February 7, 1965.

This claim was given full and fair consideration in United States v. Anderson, *supra*. The Court of Military Appeals thoroughly considered the relevant law and facts and determined that by the date of passage of the Gulf of Tonkin Resolution the Armed Forces were in a "time of war" for purposes of Article 43.

■ In light of the fact that the Court of Military Appeals gave this issue "full and fair consideration," in light of the fact that this is a uniquely military matter, and in light of the fact that the distinction between the date of passage of the Gulf of Tonkin Resolution and the date of the attack on Plieku is quite narrow, we defer to the judgment of the military court.*

## II

Although not treated as a separate issue in his brief, Broussard has brought to our attention a letter from the Air Force to his parents. On December 6, 1967, the Assistant Chief, Airmen Branch, Directorate of Personnel Data and Records, wrote to Broussard's parents:

"This is to advise that the Department of the Air Force is making no further effort to apprehend A1C Broussard since he is a peacetime deserter and, as such, the Statute of Limitations has expired."

The FBI was also notified that Broussard was no longer being sought.**

---

* We do not find helpful the case of Jackson v. North American Assurance, 212 Va. 177, 183 S.E.2d 160 (1971). That case construes the intent of parties to an insurance contract in using the word "war." The opinion recognizes that the word may have different meanings in different contexts. It turns largely on the doctrine that insurance policies are to be construed against the insurer.

** There is no claim that Broussard's being a fugitive tolled the statute of limitations.

## 820

■ We take judicial notice of the fact related in the opinion in United States v. Broussard, *supra*, that on February 7, 1969, the Air Force notified Broussard's parents that the decision in United States v. Anderson had held the statute of limitations inapplicable to persons in Broussard's position and that the apprehension notices were being reactivated.

Broussard was not arrested until more than five weeks later.

■ Broussard has cited no case, nor have we found any, which holds that the giving of information to a potential defendant that the statute of limitations on his alleged offense has run, when the authority conveying the information is honestly mistaken, creates an estoppel against that authority barring future prosecution.

Affirmed.

KOELSCH, Circuit Judge (concurring specially):

The majority, as I understand its opinion, puts the judicial seal of approval upon the Court of Military Appeals' determination, on the merits, that Broussard's alleged desertion occurred in "time of war" within the meaning of Article 43, as construed by military courts. Considerable reliance is placed upon United States v. Anderson, 38 C.M.R. 386 (1968).

However, in my view, we should declare only that this court lacks jurisdiction to review the military court's determination. As well said by Judge Tuttle, writing for the Fifth Circuit in Fischer v. Ruffner, 277 F.2d 756, 759 (5th Cir. 1960):

" . . . such plea [i. e., bar of limitations] if made and if decided erroneously presented only questions of law and fact not touching on due process or technical jurisdiction of the military courts. Any ruling or denial of relief based thereon is not reviewable by habeas corpus."

I concur in the result.