CIRCUIT COURT OF THE CITY OF RICHMOND

Ralph W. Christopher

v.

Lumbermens Mutual Casualty Co.

May 9, 1974

Case No. 6135

By JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the judgment order entered today in favor of the defendant.

The novel issue presented is whether the plaintiff is covered by the Medical Payments provisions of a Family Automobile Policy issued by the defendant as the result of medical expenses incurred when he tripped over an exposed gas main, while exiting an apartment in Charlottesville, and stumbled down an embankment striking his head on an unoccupied automobile of unknown ownership. Although the Stipulation does not so state, a reasonable inference from the agreed facts is that the automobile was not in motion nor had it been in motion immediately before the contact and that it was parked.

In Coverage C of the policy (plaintiff's exhibit 1), the defendant, inter alia, agreed to pay all reasonable expenses incurred for necessary medical services to the plaintiff, the named insured, for bodily injury caused by accident,

(a) while occupying the owned automobile,

(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

(c) through being struck by an automobile or by a trailer of any type;

Subsection (c) is the provision at issue. The policy does not define the phrase "struck by an automobile."

The plaintiff asserts that the language of this provision of the policy contract is vague, ambiguous, and susceptible of two constructions because it could mean either that the automobile must be a causative force in the collision with the plaintiff (as the defendant contends) or that coverage is afforded when there is a collision, or striking together, of the plaintiff and a passive, stationary automobile. Foundation Reserve Insurance Co. v. McCarthy, 419 P.2d 963 (N.M. 1966); Davilla v. Liberty Life Ins. Co. 299 P. 831 at 834 (Cal. App. 1931). Under these circumstances, the plaintiff argues that settled rules of construction require the provision to be construed strictly against the defendant and liberally in favor of the insured thereby affording coverage to the plaintiff under the facts of this case. American Fidelity v. Allstate Ins. Co., 212 Va. 302 (1971); Jackson v. N. A. Assurance Society, 212 Va. 177 (1971).

When the provision in question is considered in the context of the whole policy, it is apparent that the plaintiff's argument is not supported either by reason or by the applicable law.

All of the reported cases decided under same or similar policy provisions deal with factual situations entirely different from the case at bar. Most of the litigation on the subject involves the issue of whether an insured is "struck by" an automobile when he is riding in or upon a vehicle which is struck by another vehicle but there is no physical contact with the

person of the insured. See 44 Am. Jur. 2d Insurance § 1301, p. 151; 8 Blashfield Auto Law 3rd Ed. § 319.17, p. 139; Anno. 33 A.L.R.3d 962 § 3.

The cases closest in point of fact found by the court are those relied upon by the plaintiff and defendant respectively, i.e., Davilla, supra, decided by an intermediate Court of Appeals in California in 1931, and Houston Fire and Casualty Ins. Co v. Kahn, 359 S.W.2d 892, decided in 1962 by the Supreme Court of Texas. The court chooses to adopt Kahn. First, the facts are more on point and, second, the decision is supported by sound reasons.

Kahn aptly distinguishes Davilla, so further comment thereon is unnecessary here, except to relate its facts. There the insured policeman under a policy of accident insurance was killed when the motorcycle he was driving skidded to avoid a stopped vehicle in the travel lane of a public street. When 10 to 15 feet from the vehicle the insured was thrown to the street and slid until his head hit the rear wheel of the automobile.

In Kahn, the insured was injured while riding a bicycle which ran into the rear of an unoccupied and legally parked automobile on a public street. The medical payments policy language there was identical to that here under consideration.

After pointing out the differences in Davilla (different policy language and different type of policy), the Texas court stated that "ordinary usage can very well be said to hold that one is struck by an automobile in a situation where the automobile is stationary at the moment of impact, as in Davilla; whereas, such is not true in the case of a parked and passive vehicle, the movement and propulsion of which is not a factor in the collision." 359 S.W.2d 893. The court further stated "that the automobile causing the injury must have been a causative force in the collision before it can be said to have struck the insured." Ibid.

This sound and logical view applies here when this policy provision is considered with the facts. The provision is part of an automobile policy which provides indemnification against medical expenses resulting from risks connected with the ownership, operation and control of certain motor vehicles. It is not a general accident policy. Coverage for such an occurrence as this certainly was not in contemplation of the parties to this contract of insurance. As the defendant argues, if the plaintiff's theory is carried to its logical conclusion, the parachutist landing on a parked stationary automobile, or the diver striking a submerged vehicle in a lake would be covered under this policy provision. One with a fertile imagination could think of all kinds of similar ridiculous instances of possible coverage. The court will not accept the plaintiff's invitation to find coverage under the facts of this case under the guise of attaching two meanings to the phrase "being struck by an automobile" thereby declaring the provision ambiguous. When considered in the light of ordinary usage and in the context of the policy, the language is clear.

The court holds that under Coverage C(c) of this policy, benefits are not payable when the insured pedestrian comes in contact with a parked and passive automobile, the movement and propulsion of which is not a factor in the contact. The automobile causing the injury must have been a causative force in the contact with the insured, otherwise it cannot be said to have "struck" the insured.

For these reasons, judgment is entered in favor of the defendant.