**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS A. GIBBS,

             Petitioner - Appellant,

  v.

J. E. THOMAS,

             Respondent - Appellee.

No. 11-15166

D.C. No. 1:07-cv-01563-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted January 17, 2012[***]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Federal prisoner Curtis A. Gibbs appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition challenging his conviction

by court-martial and life sentence for murder. We have jurisdiction under 28

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The parties consented to proceed before a magistrate judge.

     [***]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Gibbs contends (1) that his dishonorable discharge was an administrative act that violated 5 U.S.C. § 551 and 32 C.F.R. § 45.3, thereby depriving respondent of jurisdiction over him; (2) that a member of the military jury committed fraud upon the court by concealing, during voir dire, prejudicial conversations he had concerning Gibbs' case, in violation of his rights under Article 25 of the Uniform Code of Military Justice and 10 U.S.C. § 825; and (3) that the prosecution committed gross misconduct in violation of his due process rights under the Fourteenth Amendment.

The district court properly dismissed the first claim without prejudice because Gibbs did not exhaust administrative remedies available to him. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985). As for the second and third claims, the district court properly denied habeas relief because both the United States Navy-Marine Corps Court of Military Review and the United States Court of Military Appeals fully and fairly considered those claims. *See Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972).

**AFFIRMED.**