**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY ERICKSON, | No. 19-16165 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-00513-JGZ |
| v. | |
| BARBARA VON BLANCKENSEE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted November 16, 2021**
San Francisco, California

Before: OWENS, BADE, and LEE, Circuit Judges.

Kelly Erickson appeals pro se from the district court's order denying his 28
U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 1291.
Reviewing de novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir.
2011), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Following military court proceedings, a federal court may only grant a writ of habeas corpus to "guard against the military courts exceeding their jurisdiction, and to vindicate constitutional rights." *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) (citations omitted). Review of habeas proceedings "involving military convictions is limited to determining whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers." *Id*. at 818 (citing *Sunday v. Madigan*, 301 F.2d 871 (9th Cir. 1962)). "[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence." *Id*. (quoting *Sunday*, 301 F.2d at 873). "[I]t is not the duty of civil courts simply to repeat that process—to re-examine and reweigh each item of evidence . . . . It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." *Burns v. Wilson*, 346 U.S. 137, 144 (1953).

Erickson's first contention is that the military did not have jurisdiction to court-martial him for any military offenses committed prior to his enlistment in the U.S. Air Force on August 29, 2001. Although Erickson was enlisted in the U.S. Army from January 22, 1993, to June 13, 2001, he argues that his separation from that service permanently severed all military jurisdiction for any offenses alleged to have occurred during his time in the Army.

Reviewing to determine whether the court-martial had jurisdiction, *Broussard*, 466 F.2d at 818, we hold that Erickson's argument is foreclosed by the text of 10 U.S.C. § 803(a), which confers court-martial jurisdiction under precisely these circumstances. *See also United States v. Hennis*, 79 M.J. 370, 376 n.3 (C.A.A.F. 2020) ("[I]f a person is subject to military jurisdiction at the time of the trial and was subject to military jurisdiction at the time of the offense, that person may be tried for offenses occurring during a prior period of military service." (quotation marks and citation omitted)).

Rule for Courts-Martial 204 does not render jurisdiction improper because it applies exclusively to "certain reserve component personnel" and Erickson concedes he was not a reservist. Further, Rule for Courts Martial 202(a) provides that a court-martial "may try any person when authorized to do so under the [Uniform Code of Military Justice]," and § 803(a) so authorizes here. *See also* Rule for Courts-Martial 202(a), cmt. (2)(B)(ii) ("For offenses occurring on or after 23 October 1992, under the 1992 Amendment to [§ 803(a)], a person who reenlists following a discharge may be tried for offenses committed during the earlier term of service.").

To the extent that Erickson argues § 803(a) is unconstitutional as applied to him, this argument is without merit. Congress is empowered to pass legislation, such as § 803(a), providing "for the Government and Regulation of the land and

3

naval Forces." U.S. Const. art. I, § 8, cl. 14. *See also Kinsella v. United States ex. rel Singleton*, 361 U.S. 234, 236-37 (1960). And the chief case upon which Erickson relies, *United States ex. rel. Hirshberg v. Cooke*, 336 U.S. 210 (1949), does not apply because of the 1992 amendments to § 803(a). *See Willenbring v. Neurauter*, 48 M.J. 152, 161 (C.A.A.F. 1998) (observing that § 803(a) "close[d] the loophole left by *Hirshberg* when there is a break in military service"), *overruled on other grounds by United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018).

Erickson's second contention is that defense counsel rendered ineffective assistance of counsel by misinforming him about his eligibility for parole under various pretrial agreements. This was raised before the A.F.C.C.A. which received evidence, including from Erickson's court-martial counsel, and heard argument before concluding with reasoned analysis that Erickson was not entitled to relief. *United States v. Erickson*, 63 M.J. 504, 506-07 (A.F.C.C.A. 2006). It is not now the duty of this court to "reexamine and reweigh" the same evidence. *Burns*, 346 U.S. at 144. Because the A.F.C.C.A. "fully and fairly" considered this allegation before reaching its decision, we do not review it here. *Sunday*, 301 F.2d at 873.

Erickson's final allegation is that his 2002 Air Force court-martial for abusing his minor daughters violated the Double Jeopardy Clause of the Fifth Amendment because he was previously acquitted in 2000 by an Army court-

4

martial of taking indecent liberties with one of his daughter's minor friends. Erickson concedes that his failure to raise this claim before the military courts results in waiver unless he can show cause and prejudice. *See Davis v. Marsh*, 876 F.2d 1446, 1450 (9th Cir. 1989). He argues the cause for not raising this claim earlier is ineffective of counsel and the prejudice is his subsequent court-martial and conviction. The Fifth Amendment's guarantee against double jeopardy bars successive prosecutions for the same offense. *See United States v. Dixon*, 509 U.S. 688, 696 (1993). The record shows that did not occur. The Army court-martial related to Erickson's alleged sexual abuse of his daughter's friend in 1999, whereas the Air Force court-martial arose out of his sexual abuse of his daughters from 1996 to 2002. Because Erickson has not shown that his courts-martial for abusing different victims over different periods of time constituted a double jeopardy violation, we agree with the district court that he has not shown cause and prejudice to excuse his waiver of the claim. *See Davis*, 876 F.2d at 1450.[1]

**AFFIRMED.**

---

[1]  Erickson's briefing on his double jeopardy claim is somewhat ambiguous but even if he intended to argue the obstruction of justice conviction violated the Double Jeopardy Clause, the same analysis applies. The claim is meritless because Erickson has not shown that the Army court-martial for alleged sexual abuse and the Air Force court-martial for obstruction of justice constituted a double jeopardy violation, so he has not shown cause and prejudice to excuse waiver.