NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. DONOHO, Naval Consolidated Brig Marine Corps Station Miramar 46141 Miramar Way, Suite 1 San Diego, California 92145,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>JUDDSON M. KIRK, Commander (O-5) Commanding Officer Naval Consolidated Brig Miramar United States Navy,<br><br>     Respondent-Appellee. | No.  23-55600<br><br>D.C. No. 3:20-cv-01362-RSH-BGS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted June 6, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

James Donoho appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2241. We review the denial of Donoho's habeas petition de novo. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Following military court proceedings, a federal court may grant a writ of habeas corpus only to "guard against the military courts exceeding their jurisdiction, and to vindicate constitutional rights." *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) (citations omitted). Review of habeas proceedings "involving military convictions [is] limited to determining whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers." *Id.* (citing *Sunday v. Madigan*, 301 F.2d 871 (9th Cir. 1962)). "[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence." *Id.* (quoting *Sunday*, 301 F.2d at 873). "[I]t is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence . . . . It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." *Burns v. Wilson*, 346 U.S. 137, 144 (1953). We may "affirm the district

court on any ground supported in the record." *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021).

Donoho challenges the district court's order on several grounds. We address each argument in turn:

1.     Donoho argues, generally, that the district court misapplied the "full and fair consideration" standard to his petition because the court "failed to consider whether [the United States Air Force Court of Criminal Appeals (AFCCA)] decided those issues *thoroughly and correctly*." Donoho asks for, essentially, de novo review of his claims. That is not required or appropriate under *Burns*. *See* 346 U.S. at 144.

2.     Donoho argues that he did not receive full and fair consideration of his claims because the AFCCA denied his motion to file supplemental assignments of error on appeal. The argument fails. The AFCCA adequately considered Donoho's request to add claims on appeal, which was only two pages and failed to identify what other issues he wished to add. The AFCCA denied the motion after giving the government an opportunity to respond.

3.     Donoho argues that the military courts did not "fully consider[] the issues relating to the misfiling of exhibits" because he was denied an evidentiary hearing. He contends that an "evidentiary hearing was necessary to resolve the factual disputes of who was responsible for the misfiled attachments (trial counsel or court reporter), how they were misfiled, when they were misfiled (before, during, or after

the court-martial), and why the attachments were misfiled." But the military judge considered and rejected Donoho's request for an evidentiary hearing, determining that "an evidentiary hearing is not required to examine the specifics of how the mix up occurred or who was responsible for it." The AFCCA also fully and fairly considered the issue. Donaho raised the issue in his August 1, 2018, motion for reconsideration, which the AFCCA considered and denied.

4.     Donoho argues that the AFCCA did not fully and fairly address whether the trial record was "complete" because it did not "conduct a qualitative analysis of how [the] missing attachment impacted the other images that were attached, which in turn, affected the legality of Mr. Donoho's guilty plea." We disagree. The misfiling of the three SV images was not a "substantial" record omission because, as the district court noted, the military judge made clear that he did not rely on the SV images to accept Donoho's guilty plea and find him guilty of possession of child pornography.

5.     Donoho argues that the military courts did not give full and fair consideration to his recusal motions. But the AFCCA fully considered Donoho's first recusal motion and denied it in a written order that cited the governing statute. *See* 28 U.S.C. § 455. The AFCCA also denied his second recusal motion, which was based on substantially the same arguments. Donoho attempts to rehash the merits of his motions on appeal, which is beyond the scope of our review. *See Broussard*, 466

4

F.2d at 818.

6.     Finally, Donoho argues that the district court "misapplied" the waiver doctrine to several of his claims—i.e., claims of "structural error, breach of pretrial agreement, [and] the military judge improperly considering [at sentencing] images not agreed upon by the parties"—because the district court only looked to Donoho's appeal to the AFCCA, not his appeal to the United States Court of Appeals for the Armed Forces (CAAF).  But even assuming that these claims were not waived, they fail.  As to the "structural error" and breach claims: the AFCCA found that, "at the time of trial, Attachments 2 and 3 were what they were purported to be."  That is, the AFCCA concluded that the military judge had the correct exhibits for consideration at the time of Donoho's plea.  Thus, while the AFCCA's opinion did not explicitly address these claims (because Donoho did not raise them), the opinion nonetheless rejects them.  And as to the consideration of images not agreed upon by the parties: Donoho's argument is based on an interpretation of his plea agreement, which is not included in the excerpts of record nor on the district court's docket.[1] Nor has Donoho briefed the language of the plea agreement for any court's review. Given Donoho's failure to develop the record or even cite the language of the plea agreement, a summary rejection of his claim—as CAAF entered—was sufficient consideration.

---

[1] The government's motion to supplement the record is denied as moot.

5

**AFFIRMED.**