UNITED STATES, Appellee

v

GARY L. ANDERSON, Communications Technician, Seaman, U. S. Navy, Appellant

13 USCMA 258, 32 CMR 258

*Lieutenant Colonel A. M. Hearn,* USMC, argued the cause for Appellant, Accused.

*Commander Benjamin H. Berry,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Conrad Alexander Buhler,* USNR.

## Opinion of the Court

QUINN, Chief Judge:

Among other offenses, the accused was convicted by a general court-martial of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925 (Charge II). He contends the conviction must be reversed because the law officer's instructions were insufficient to apprise the court-martial of the effect of his testimony that he was asleep when the alleged act was performed.

After some drinking at a local bar, the accused went to Specialist Hutchins' room. Hutchins testified the accused forced him to commit the offense. In a written pretrial statement the accused admitted the particular act of sodomy that Hutchins recounted, but maintained "it was strictly a voluntary act on the part of both of us." However, at trial the accused repudiated the statement. Although he admitted he read the statement before he signed, his trial version of the affair is as follows: "I fell asleep or passed out because after I had slept for a while, I was woke up by Hutchins committing an act of sodomy upon my person." The accused further testified that he immediately hit Hutchins on the back of the neck or head and "jumped up." He was "pretty mad."

At an out-of-court hearing called for the purpose of considering proposed instructions, the law officer informed Government and defense counsel that he intended to instruct on the sodomy charge in accordance with the sugges-tions set out in the Air Force Manual. AFM 110–5, June 12, 1959, Court-Martial Instructions Guide, page 59. Each counsel said he had no objection. The instruction given is as follows:

"LO: . . . With regard to the specification alleged under Charge II, which alleges the offense of Sodomy, the court is advised that the elements of this offense are as follows: That, at the time and place alleged, the accused engaged in unnatural carnal copulation with Howard Hutchins as alleged. The court is further advised that it is unnatural carnal copulation for a person to place his sexual organ in the mouth of another person. Some penetration is necessary but any penetration, however slight, is sufficient to complete the offense and an emission is not necessary. It is the ruling of the law officer that there is no lesser included offense to this particular specification."

The parties agree on the basic rule that instructions must be sufficient to provide necessary guideposts for an "informed deliberation" on the guilt or innocence of the accused. United States v Landrum, 4 USCMA 707, 16 CMR 281; United States v Acfalle, 12 USCMA 465, 31 CMR 51. The accused contends the instruction does not meet the required standard because it does not clearly advise the court-martial that he must be acquitted if it entertained a reasonable doubt he was conscious of the performance of the act upon his person by Hutchins. See United States v

Johnson, 7 USCMA 499, 22 CMR 289. However, the board of review construed the words "engaged in" and "to place" as a direction to the court-martial to consider whether commission of the offense "was a voluntary act on the part of the accused." The transcript of the hearing on the proposed instructions shows the instruction in issue was similarly construed at that time.

During the hearing a question arose as to the relevancy to the charge of sodomy of a proposed instruction on intoxication. Trial counsel considered the proposal inapplicable. His reasoning, which was concurred in by defense counsel, indicates he construed the words "engaged in" as requiring the court-martial to find the accused was aware of the performance of the sodomitical act.

"TC: . . . If he was 'passed out cold' and an act was performed on him, he would have to be found not guilty, because he himself *did not engage in the act*, but I don't think the Intoxication would be an issue.

"DC: I concur, more or less, so we'll make it —.

"LO: An instruction on Intoxication as to Charges I, III and V.

"LO: Are there any additional instructions to which the respective counsel desire to —.

"TC: The trial counsel has no additional instructions.

"DC: I have no further instructions to propose." [Emphasis supplied.]

The trial lawyers' understanding of an instruction is, in the absence of other circumstances, a persuasive indication of the meaning attributed to the instruction by the court-martial. See United States v Johnson, 3 USCMA 447, 454, 13 CMR 3. The words have no special, technical significance and are, therefore, to be construed according to their normal dictionary meaning which manifestly indicates awareness of the actions performed. Nothing in the instruction tends to qualify this meaning. There is, therefore, no basis for inferring that the court-martial construed the words differently from counsel. We conclude, therefore, there is no fair risk the instruction misled the court-martial to the accused's prejudice.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.